### John C. Patterson v. The Northern Trust Company et al.

#### Gen. No. 12,465.

1. DEMURRER—*what does not preclude argument of, in chancery.* There is nothing in the rules or practice in equity courts which requires that the argument of demurrers filed by persons who are in court should await the bringing in of all the other parties defendant.

2. CROSS-BILL—*when may be maintained.* The new facts which it is proper to introduce into the pending litigation by means of a cross-bill are such and such only as it is necessary for the court to have before it, in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it, in respect to the cause of action on which complainant rests his right to aid or relief. If a defendant in filing a cross-bill attempts to go beyond this, and to introduce new and distinct matter not essential to the proper determination of the matter put in litigation by the original bill, although he may show a perfect case against either the complainant or one or more of his co-defendants, his pleading will not be a cross-bill, but an original bill, and no decree can be entered on such matter.

3. CROSS-BILL—*when not germane.* A cross-bill attacking a decree for fraud is not germane to a proceeding by a trustee to ascertain what its duties are with respect to such decree.

4. LACHES—*when doctrine of, will be strictly enforced.* The doctrine of laches will be rigidly enforced by courts of equity where a decree, upon the faith of which parties have changed their position, is sought to be set aside.

Bill to construe trust. Error to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 4, 1907.

JOHN C. PATTERSON, for plaintiff in error.

JUDAH, WILLARD & WOLF, HERRICK ALLEN, BOYESEN & MARTIN, and OLIVER & MECARTNEY, for defendants in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

In the opinion in the cause No. 12,420 in this Court, Patterson v. The Northern Trust Company et al., *post,* p. 208, will be found a statement of the facts concerning a litigation antecedent to the one at bar, which resulted in a decree of the Circuit Court of Cook county on June 25, 1902, establishing a lien in favor of the Northern Trust Company, trustee, as lessor under a lease originally made between Pullman and Matthews, trustees, as lessors, and H. H. Kohlsaat, as lessee of certain premises in Chicago, on which, after the lease was made, the Stewart Building, so-called, was erected. By conveyances, before the bill to foreclose a lessor's lien was filed by the Northern Trust Company as trustee for Hannah M. Williams, Helen W. S. Johnson, Fannie M. Johnson, Stewart Patterson and the plaintiff in error in this cause, John C. Patterson, that company had become possessed of the lessor's interest in the lease and the Merrimac Building Company had become entitled to the lessee's. The decree of June 25, 1902, after establishing the lien, found that the amount due from the Merrimac Company to the Trust Company was $199,359, and ordered the leasehold estate and building sold unless the amount so found due was paid on or before March 15, 1904. This time having expired, the Northern Trust Company, on May 20, 1904, filed a bill in the Circuit Court of Cook county, setting forth the provisions of the decree of June 25, 1902, and representing that, while the other beneficiaries under the trust deed to it had requested and directed it to cause a sale to be made under the terms of that decree, and to bid for the property to be sold the full aggregate sum due and payable under the decree, and had agreed to a credit of any sum so bid,

and for which the Northern Trust Company as trustee might buy the property, on the amount of the decree, John C. Patterson had refused to join in said request, direction or agreement, and had threatened to object to any action it might take as trustee in regard to the sale of the leasehold and building before described, and to seek to impose a personal liability on it, whatever action it might take. Therefore it asked as trustee the direction of the court as to its rights and duties as trustee. This bill was the commencement of the cause at bar.

To the bill all the beneficiaries under the trust deed to the Northern Trust Company were made parties defendant. All but John C. Patterson answered, admitting all the allegations of the bill. John C. Patterson, who was the beneficial owner of a life estate in one-twelfth interest in the property, filed his answer June 9, 1904. The most material part of this answer was an allegation that a certain agreement entered into between the Northern Trust Company, as trustee and lessor, and the Merrimac Building Company, as lessee, dated March 15, 1898, which agreement all the beneficiaries, including John C. Patterson himself, signed, in connection with the Trust Company, was invalid and ineffective to relieve the Merrimac Building Company from a forfeiture of its leasehold estate and of its interests in the building, which in consequence of default in the payment of rent, and by the action of the Northern Trust Company thereon, on March 1, 1898, had already occurred when the agreement aforesaid was executed.

The answer alleged that the trustee had been in possession of the premises, but had improperly yielded said possession to a receiver appointed in a suit brought by certain mortgage bond holders of the Merrimac Company. It also alleged that the suit brought to foreclose the lessor's lien August 10, 1900, in which the plaintiff in error was one of the parties complainant, and in which the said decree of June 25,

1902, was entered, was brought under a mistake of law and fact, and that the decree entered therein ought to be set aside and should not be enforced, the leasehold being, as a matter of fact, already terminated and the building already the property of the trustee.

January 24, 1905, the plaintiff in error filed a cross-bill in the cause. In that cross-bill he made the same allegations about the litigation between the Northern Trust Company and its beneficiaries and the Merrimac Building Company that he had made in his answer; asserted that the beneficiaries joined in the agreement of March 15, 1898, and in the bill for foreclosure, filed August 10, 1900, at the request of the Northern Trust Company, without having any "independent or competent legal advice," and trusting in the Northern Trust Company to do nothing to the prejudice of their rights. The cross-bill also made allegations that the said bill of August 10, 1900, was filed wholly in the private interest of the Northern Trust Company and its attorneys, and to enable them to obtain a private profit wrongfully at the expense of the trust fund, and that, in the conduct of the cause, the actions of the Northern Trust Company were unjust to the beneficiaries and in conflict with its duty as trustee.

To this cross-bill the Northern Trust Company and the other beneficiaries were made parties, and also all the defendants to the foreclosure bill of August 10, 1900.

The prayer of the cross-bill, besides the prayer for summons and answers, was that the decree of June 25, 1902, might be set aside and declared to be void and of no effect, and that it might be decreed that no further proceedings should be had thereon.

To this cross-bill the other beneficiaries under the Northern Trust Company trust deed, and the Illinois Trust & Savings Bank, filed general demurrers, and the Merrimac Building Company filed a general and special demurrer, for cause of demurrer setting forth that it appeared on the face of the cross-bill that the

cross-complainant had been guilty of laches which should bar him from relief, that there was no denial in the cross-bill that the cross-complainant had received rents and profits collected by the trustee and receiver under the decree he sought to set aside, and that he had not set up facts sufficient to release him from the binding force of his consent to the agreement of March 15, 1898, and to the proceedings in which said decree was entered and to the decree actually entered.

As the transcript of the record is *per praecipe* and only the demurrers filed to the cross-bill are ordered to be incorporated by the *praecipe,* we cannot tell what answers may have been filed nor what they may have contained. Nor can we tell what other proceedings may have been taken in the case, for only two orders are incorporated in the transcript, and these were specifically described in the *praecipe.*

While it does not appear in this record, it does in the record in No. 12,420, that on February 21, 1905, the decree of June 25, 1902, in the original litigation, was satisfied in open court by payment, and that cause only retained for the purpose of settling and adjusting all accounts of the Northern Trust Company, as receiver, in and to said premises.

March 20, 1905, the following order was entered in the cause at bar:

"This cause coming on to be heard upon the motion of the complainant to dismiss the original bill herein, and upon the demurrers to the cross-bill herein, and after arguments by counsel, and the court being fully advised in the premises, it is ordered that the demurrers to the cross-bill herein be, and hereby are, sustained upon the ground that the matters therein set forth are not germane to the original bill herein.

"It is further ordered that said cross-bill be, and the same is, hereby dismissed out of this court for want of equity, without prejudice to the cross-complainant's rights to file a bill to review herein, or a bill in the nature of a bill to review, as to the matters set forth in said cross-bill.

"It is further ordered that the complainant's motion to dismiss the original bill herein be and is hereby sustained, and said complainant's original bill herein is hereby dismissed out of this court at complainant's costs."

It is of this order that the plaintiff in error is complaining here, having by his assignments in error alleged that the court erred in sustaining the demurrer to the cross-bill, and in dismissing it for want of equity, and in granting the motion of the complainant in the original bill for leave to dismiss said bill.

He argues, first, that the court's action on the cross-bill was premature, because, as he says, the court had no jurisdiction over certain other defendants at the time the demurrers of certain defendants were sustained and the bill dismissed; second, that when application is made to enforce a decree the court has a right to inquire into the merits of the decree, and, if the same was obtained by fraud, will refuse to enforce it, and that the decree of June 25, 1902, was obtained by fraud; that the cross-bill was germane to the original bill; and, third, that, as the cross-bill was a proper cross-bill in the cause, the dismissal of the original bill after the cross-bill was filed should not have been allowed. There are many other "points" set out in the brief of plaintiff in error, but the argument that there is error in the order complained of is really confined to these three propositions.

As to the first point, there is nothing in the rules or practice of equity courts which requires that the argument of demurrers filed by persons who are in court should await the bringing in of all the other parties defendant. But, if there were, there is nothing in this record to show that the other parties were not in court. We do not even know that they had not answered and incorporated demurrers in their answers. It is true that the returns on the summons on the cross-bill shows service only on a few of the defendants. But that does not show the others had not entered their

appearances.  It is stated in the argument filed for the Northern Trust Company that it filed a demurrer to the cross-bill.  We do not find it in the transcript before us.

There is no merit, however, in the contention that the order of March 20, 1905, was prematurely made.

As to the second proposition of plaintiff in error, we think it equally devoid of merit.  The cross-bill was not germane to the subject-matter of the original bill, because the Northern Trust Company in the original bill only called for the direction of the court as trustee in certain contingencies.  It was not a bill to enforce the decree which the cross-bill attacked.  It was not concerned with the validity of the decree even.  The trustee had a right, as trustee for the various beneficiaries who did not agree among themselves as to the proper course for it to pursue, to ask instructions from a competent court as to its duty if a sale took place. This request was made essentially in a different capacity from that in which as "lessor" the Northern Trust Company had secured the decree on which the sale was to be made.

We think the true rule governing the right to maintain a cross-bill is well stated in the quotation from the Encyclopedia of Pleading and Practice, which we find in one of the briefs of defendants in error:

"The new facts which it is proper to introduce into a pending litigation by means of a cross-bill are such, and such only, as it is necessary for the court to have before it, in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it, in respect to the cause of action on which complainant rests his right to aid or relief.  If a defendant in filing a cross-bill attempts to go beyond this, and to introduce new and distinct matter not essential to the proper determination of the matter put in litigation by the original bill, although he may show a perfect case against either the complainant or one or more of his co-defendants, his plead-

ing will not be a cross-bill, but an original bill. And no decree can be rendered on such matter."

We do not think the cross-bill in this case conforms to the requirements here set forth.

But if it were germane, it was demurrable for other reasons. It showed no equity on its face, and it showed laches. It is insisted by plaintiff in error that it is an attack on the decree of June 25, 1902, as obtained by fraud. On its face it shows a state of things which negatives fraud.

It shows that the plaintiff in error was a party to the agreement which waived the forfeiture for non-payment of rent—if· such forfeiture existed or could. have been enforced; it shows that he was equally a party to the bill on which the decree was rendered and prayed for the relief which was granted in substantially· the form in which it was granted—the unusual terms of the decree consisting only in a longer time than is generally given for the payment of a foreclosure decree, and in compensation therefor a waiver.of right of appeal and of writ of error.

The plaintiff in error cannot complain of this decree nor of its satisfaction. It was entered at his instance and in his behalf, and, as this court has said in case No. 12,420, he has received all he is entitled to. His right even to file a bill of review or a bill in the nature of a bill in review (which this cross-bill plainly was), it is especially provided in the order dismissing the cross-bill, is not prejudiced by that order.

We cannot see, however, from anything stated in the cross-bill, how there could be any equity in such a bill in review. The grievance which is the basic foundation of the complaints of plaintiff in error seems to be that the trustee did not insist upon a strict enforcement, without judicial proceedings, of the forfeiture of a very costly building, which forfeiture he now conceives would have been more profitable for him and his co-beneficiaries than was the satisfaction of a decree which provided for all arrears and was obtained on his

and their prayer. That grievance does not appeal to us.

Not even the methods of the "Captains of Industry," so objectionable to the plaintiff in error, as it would appear from his brief, could be harsher than such a forfeiture as he insists on. We need add nothing in this regard to the concluding paragraphs of the opinion in No. 12,420.

The cross-bill also showed laches. The original bill to foreclose was filed August 10, 1900; the decree upon it was entered in June, 1902, and the cross-bill attacking it was filed in January, 1905. It is peculiarly a case in which the defense of laches can be invoked, because all parties have changed their position in reliance on the decree. Plaintiff in error, even if he had a good reason for doing so, should have acted more promptly than this in attacking his own decree, entered pursuant to the prayer of his own bill, under which he himself has been receiving benefits.

The demurrer to the cross-bill being properly sustained, its dismissal properly followed. That being properly dismissed, of course there could be no valid objection to the dismissal of the original bill.

The decree of the Circuit Court is affirmed.

*Affirmed.*