JOHN M. PESTEL *et al.*

*v.*

THOMAS J. PRIMM.

*Filed at Springfield March 26, 1884.*

1. BILL OF REVIEW—*or cross-bill in the nature of a bill of review—limitation.* On a bill filed by the purchaser of land at a master's sale on foreclosure of a mortgage, against the heirs of the mortgagor, alleging the foreclosure and sale, and the execution and delivery to him of the master's deed, and its loss or destruction without having been recorded, and praying that the master be directed to make him a new deed in lieu of the lost one, the heirs, more than five years after the youngest became of age, filed a cross-bill, in the nature of a bill of review, seeking to impeach the former decree for errors and irregularities, and to set aside the sale, and for an account of the rents and profits, such purchaser having entered into possession under his lost deed, and the purchaser in his answer set up and relied on the limitation of five years as a bar to the relief sought by the cross-bill. On the hearing, the court granted the relief sought in the original bill, and dismissed the cross-bill: *Held,* that there was no error in dismissing the cross-bill.

2. A bill of review for errors apparent on the face of the record in a chancery suit, must be filed within the time allowed for a writ of error, and is not allowed after that time has elapsed; and this rule applies to a cross-bill in the nature of a bill of review, to impeach a decree.

23—109 ILL.

3. BILL TO RESTORE LOST DEED — *its scope and effect as to decree under which the original deed was made.* On a bill seeking a decree for a new deed in place of a former one made by a master in chancery under a decree of foreclosure, which is lost, the validity of the decree under which the sale and deed were made is not involved, and it can not be assailed for errors and irregularities. On a bill to carry a former decree into execution, the rule might be otherwise, and the court might look into the original case to see if the former decree was equitable and just.

4. A decree directing the master in chancery to make a deed for premises bought under a former decree, which has been lost without being recorded, confers no title on the purchaser at the sale, nor does it cut off any title of the former owners of the land. Such a decree leaves the parties in the same position they would have occupied in regard to the title to the land if the original deed had never been lost or destroyed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Menard county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. N. W. BRANSON, and Mr. R. N. STEVENS, for the plaintiffs in error:

The original decree of foreclosure, and the proceedings under the same, should have been set aside for want of proper service, and because the decree was erroneous, being based on a mortgage given to secure a void note.

Primm had no vendor's lien. A vendor's lien, not reserved in the deed of conveyance, is not assignable, and the assignee of a note given for the purchase money of land can not enforce the lien of the vendor. *Elder* v. *Jones,* 85 Ill. 384; *Bonnell* v. *Holt,* 89 id. 71; *Small* v. *Stagg,* 95 id. 39; *Dayhuff* v. *Dayhuff,* 81 id. 499; *Markoe* v. *Andras,* 67 id. 34.

How, then, can defendant in error assert rights in this case, based upon void instruments? The notes and mortgage being void, how could he acquire any rights by his decree of foreclosure?

The *laches* of defendant in error should bar him. He claims to have been entitled to a deed in 1860, and this bill was not filed until 1881. *Schrader* v. *Peach,* 77 Ill. 615.

The cross-bill became a part of the original suit, and was filed in time. *Fleece* v. *Russell*, 13 Ill. 31.

As defendant in error bases, and of necessity must base, his claim for relief upon the foreclosure proceedings, thus the validity and regularity of those proceedings become an issue in the case. If defendant in error fails to show that those proceedings are valid and binding on us, we can avail ourselves of such failure by our answer, without a cross-bill.

Mr. S. H. Blane, and Mr. T. W. McNeeley, for the defendant in error:

The regularity of the proceedings in the foreclosure suit was not a proper question before the court in this case, which is brought solely for the purpose of having a new deed made for one that has been lost.

Decrees may be reversed on writ of error, or corrected by a bill of review, within five years after they are rendered, or in case of legal disability, within five years after its removal. *Dolton* v. *Erb et al.* 53 Ill. 289.

The period of limitation had run against the filing of a bill of review before this suit was brought; but it is urged that even if plaintiffs in error could not file an original bill to review the decree of 1859, yet they can do so by cross-bill in this case,—citing *Fleece* v. *Russell*, 13 Ill. 31.

Defendant bought the land in 1859, received a master's deed, and took possession in 1860, and has ever since held the property adversely. Such possession alone is a bar to the relief sought in the cross-bill. *Hodgen* v. *Henrichsen*, 85 Ill. 259; *Weber* v. *Anderson*, 73 Ill. 439; *Kerr et al.* v. *Hitt*, 75 id. 51.

Mr. Justice Craig delivered the opinion of the Court:

In 1850, Abner B. Hall, being the owner of a certain tract of land in Menard county, consisting of forty acres, sold and conveyed the same to Johanna Pestel. A portion of the pur-

chase money ($100) was paid down, and notes and a mort-
gage given for the balance, which was $200. In 1853, Hall
sold and assigned the notes and mortgage to Thomas J.
Primm. In 1856 or 1857 Johanna Pestel died, leaving cer-
tain minor children as her heirs. In November, 1857, the
notes and mortgage remaining unpaid, Primm instituted pro-
ceedings in the circuit court of Menard county, against the
children and heirs at law of the mortgagor, to foreclose the
mortgage, which resulted in a decree directing the mortgaged
premises to be sold in payment of the mortgage indebtedness.
On the 2d day of July, 1859, the master in chancery of Me-
nard county sold the premises, under the decree, to the com-
plainant, Primm, for the sum of $212.30,—the amount of the
decree and costs of foreclosure. The master executed to the
purchaser a certificate of purchase, a duplicate of which was
duly recorded, and reported the sale to the court, which was
approved by the court. No redemption was made from the
sale, and in the latter part of 1860, Primm, the purchaser,
entered into the possession of the premises, and from that
time to the present he has held the possession of the prop-
erty, paid the taxes, and received the rents and profits, claim-
ing to own the property under the master's sale.

In 1881, Thomas J. Primm filed a bill in equity in the
circuit court of Menard county, in which he sets up, in sub-
stance, the facts above stated, and prays for a decree for a
deed for the premises which he purchased under the decree
of foreclosure. The heirs of Johanna Pestel were made de-
fendants to the bill, and in the answer they admit that com-
plainant, in 1857, began proceedings to foreclose said so-called
mortgage, which resulted in what purported to be a decree of
sale of said first described premises, to which said husband
and heirs of said Johanna Pestel were made defendants, but
deny that said husband and heirs, or either of them, were
duly and legally summoned, but, on the contrary, aver that
the court never obtained jurisdiction of the persons of any of

the defendants in that suit, by service of process, entry of appearance, or otherwise, and aver that for this, and other reasons hereinafter appearing, the proceedings, decree and sale in said suit were irregular, erroneous and void, and that if such sale was made, the complainant acquired thereby no legal or equitable interest in said premises. The answer also denies that the master in chancery made and delivered to complainant a certificate of purchase for said premises; denies that complainant ever lost or misplaced a certificate of sale for said premises, because he never had one; denies that complainant was ever entitled to a deed from the master; denies that he ever lost or misplaced such a deed, and denies that he ever received one. The answer further admits that complainant has been in possession of such premises ever since the latter part of 1860, during all of which time he has had the full use and enjoyment of said premises, and has received the rents and profits thereof; avers that the value of the use and occupation of the premises during that period has averaged $200 per annum, and that complainant has received from his tenants, for the use of said premises, the sum of $3000 since 1860.

The defendants also filed a cross-bill. The cross-bill makes Primm defendant; waives answer under oath; prays that the decree entered in the foreclosure case, in April, 1859, be reviewed, reversed and set aside; that the master's sale to Primm be set aside; that said so-called mortgage and notes, and all proceedings, and the decree in said foreclosure suit, be declared to be invalid, null and void, and that the mortgage and notes be canceled; that Primm be required to account to complainants in the cross-bill for the rents and profits, and the value of the use and occupation, of said premises while in his possession; that in case the court holds said mortgage and notes not to be void, complainants in the cross-bill be let in to redeem, and in such case, that an account be taken of the amount of said notes, and of the rents

and profits of said premises while in Primm's possession; that the rents and profits, or value of use and occupation, of said land, be applied, as the same accrued, towards the liquidation of said notes, and that Primm be required to pay complainants in the cross-bill the amount of such rents, and value of such use and occupation, remaining after paying said notes, and that he be required to pay interest thereon, and to enter said mortgage satisfied of record, and to surrender and deliver up possession of said premises to complainants in the cross-bill; and general prayer for relief.

The complainant put in an answer to the cross-bill, and replication having been filed, the cause proceeded to a hearing on the pleadings and evidence, and the court, in its decree, found that the land in controversy was sold by the master in chancery, on July 2, 1859, under decree of court, to Thomas J. Primm, who received a certificate of purchase therefor; that the premises were not redeemed, and the master in chancery executed and delivered to Primm a deed therefor; that the deed was not recorded, and was accidentally lost or misplaced, and can not be found; that Primm has been in possession ever since the latter part of 1850, as owner, by purchase, and has paid all the taxes thereon. The court ordered that the master in chancery execute a deed to said Primm, conveying said premises to him, and that the cross-bill be dismissed.

In the decree of foreclosure under which the property was sold, the court found, as appears from a recital therein, that the defendants were duly and legally served with process more than ten days before the first day of the term of court. But it is, however, contended by the plaintiffs in error, that in this proceeding they are not barred or concluded by the recitals of service contained in the decree, but they have the right to contradict this finding of the court, and show by the summons and return thereon, which are a part of the same record, that the defendants were not duly and legally

served with process, and hence the decree rendered by the court was void. We shall not stop in this case to determine whether the finding of service recited in the decree was shaken or overcome by the summons, and returns thereon, as we do not understand that question is properly involved in the determination of this case.

As before observed, the court dismissed the cross-bill, and ordered the master in chancery to execute a deed in lieu of one previously made, which was lost. It is claimed by plaintiffs in error that the court erred in dismissing the cross-bill, and also in directing the master in chancery to make a deed to Primm. It will be observed that the cross-bill was a bill in the nature of a bill of review, and unless the plaintiffs in error were entitled to maintain an original bill to review the decree of the circuit court rendered on the foreclosure of the mortgage, then they could not maintain the cross-bill, and it was properly dismissed. In the answer to the cross-bill the complainant sets up that the right of plaintiffs in error to review the decree was barred by the Statute of Limitations, and avers that any supposed right to review the decree accrued more than five years before the cross-bill was filed. It appears that plaintiffs in error, at the time the decree of foreclosure was rendered, were minors, and under the statute they were entitled to prosecute a writ of error at any time within five years next after they became of age. The youngest one of the plaintiffs in error, Hannah Buchanan, was born in January, 1857, and hence was of age in January, 1875, and the five years to prosecute a writ of error after she became of age expired in January, 1880. The bill in this case was filed October 3, 1881, and the cross-bill was filed November 26, 1881. Under these facts it is plain that plaintiffs in error could not, under the statute, maintain a writ of error to reverse the decree rendered in the foreclosure case, as the Statute of Limitations barred the prosecution of a suit of that character after January, 1880, more than a year

before the bill was filed. In *Dolton* v. *Erb*, 53 Ill. 289, it
was held that a bill of review for errors apparent on the face
of the record must be brought within the time allowed for a
writ of error. This case is conclusive of the question, and
renders further discussion unnecessary. If the plaintiffs in
error were not satisfied with the decree, and intended to sue
out a writ of error to reverse it, or intended to file a bill in
the nature of a bill of review to impeach the decree, they
were bound to proceed within five years after they became of
age. This they failed to do, and the cross-bill filed for that
purpose stands in the same position as an original bill would
if it had been filed, and was barred by the Statute of Limita-
tions. The court, therefore, did not err in the decree dis-
missing the cross-bill.

The only remaining inquiry is, whether the court erred in
rendering a decree requiring the master to make a deed in
the place of a deed previously made and lost. We do not
understand that the validity of the decree of foreclosure under
which the land was sold is involved in this proceeding. No
relief is asked under the decree of foreclosure, or under or by
virtue of the certificate of purchase executed when the land
was sold. If this was a bill to carry a former decree into
execution, it might then be proper to look into the original
case in which the decree was rendered, and see if the former
decree was equitable and just, and if it was not, refuse to
enforce it, as held in *Wadhams* v. *Gay*, 73 Ill. 415. But such
is not this case. The bill in this case, when properly exam-
ined and understood, is a bill to restore a deed which has
been lost or destroyed, and nothing more. The claim of the
complainant is, that the master in chancery executed to him
a deed for the land sold under the decree of foreclosure, and
that the deed was never recorded, and has been lost, and the
court is called upon to render a decree requiring the master
in chancery to make another deed in the place of the one
previously made and lost. It is true that the bill sets out a

history of the transaction,—a sale of the land to the mortgagor, a failure to pay the mortgage debt, the foreclosure of the mortgage, the sale under the decree,—but no relief whatever is claimed upon those allegations. These averments of the bill may be regarded as a mere history of the transaction, or as inducement to the relief sought in the bill. The decree which was rendered by the court confers no title on the complainant, nor does it cut off any title in and to the property possessed by the plaintiffs in error, but the court found from the evidence, and the testimony fully warrants the finding, that the complainant had obtained a deed from the master in chancery on a sale of the land under a decree of the court, and that such deed was lost. Upon such testimony the court decreed that the master execute to the complainant another deed in the place of the one lost. The decree merely restores the deed, and leaves the parties in the same position they would have occupied in regard to the title to the land if the original deed made by the master had never been lost or destroyed.

It is also urged that the notes and mortgage were invalid, and no decree of foreclosure could be rendered upon them. It may be that the decree of foreclosure was erroneous, and might have been reversed on appeal or writ of error; but mere error will not vitiate a judgment or decree when called in question collaterally, as here. Mere errors in a decree or judgment can only be availed of in a direct proceeding.

After a careful consideration of the whole record, we are satisfied that the decree of the circuit court was correct, and it will be affirmed.

*Decree affirmed.*