JOHN C. PATTERSON

*v.*

THE NORTHERN TRUST COMPANY *et al.*

*Opinion filed October 23, 1907—Rehearing denied Dec. 11, 1907.*

1. RECEIVERS—*trustee may be appointed receiver of trust estate.* The trustee in a deed of trust may be appointed as the receiver of the estate upon a bill by the trustees and beneficiaries to foreclose a landlord's lien upon the premises if it appears that such appointment will be for the best interests of the estate, although, as a general rule, a trustee will not be appointed receiver.

2. APPEALS AND ERRORS—*rule as to preserving evidence to sustain a decree.* To sustain a decree on appeal, the party in whose favor it is rendered must preserve the evidence by a certificate of evidence or the decree must find specific facts that were proved; but if the certificate does not purport to contain all the evidence, it will be presumed, on appeal, that there was sufficient evidence to sustain the findings of the decree.

3. NOTICE—*when failure of party to receive notice of order is harmless.* Failure of a complainant in a foreclosure proceeding to receive notice of an order of the court permitting bondholders to file a petition asking leave to pay the full amount of the decree and granting the petition is harmless, where no steps were taken by the court which would not have been taken had the party received notice and been present in court, and where no attempt is made to show that he was injured in any way by want of notice.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

On December 20, 1897, Hannah M. Williams, Helen W. S. Johnson, Fannie V. M. Johnson, Stewart Patterson and John C. Patterson executed to the Northern Trust Company, as trustee, a deed of trust to the premises at the northwest corner of Washington and State streets, Chicago, subject to a lease originally made to H. H. Kohlsaat for one hundred and two years, which lease had been previously, with the lessor's consent, assigned to the Merrimac Building Company. Each of the first four of said persons joining in the deed of trust was the owner of an undivided one-fourth interest in said premises, the interest of Stewart Patterson being subject to a life interest in favor of his father, John C. Patterson, in one-third of said quarter interest. Upon said premises said Merrimac Building Company has erected a modern twelve-story office and store building, at a cost of some $600,000, known as the Stewart Building. In July, 1896, the Merrimac Building Company executed a deed of trust of the leasehold estate and building to the Illinois Trust and Savings Bank to secure an issue of bonds amounting to $300,000.

On August 7, 1900, said Northern Trust Company, trustee, together with the five *cestuis que trustent* above named, including appellant, Patterson, joined in a bill in the circuit court of Cook county, against said Merrimac Building Company and others, to foreclose a landlord's lien for rent claimed to be due and unpaid to the amount of over $140,000. Shortly after the filing of the bill to foreclose, C. W. Hubbard, an employee of the Northern Trust Company, was appointed receiver of the Stewart building and premises covered by the lease, by agreement with the defendant's attorneys, and took possession. On June 24, 1902, the day before the decree of foreclosure was entered, on stipulation

of the various attorneys for the parties in interest, Hubbard's resignation was accepted and the Northern Trust Company itself was appointed receiver. Said trust company proceeded to take charge of the building and rent the same, attending to the heating, lighting, janitor service, collecting of rents, etc. It filed its quarterly reports in the court, to several of which appellant, Patterson, filed objections, urging, among other things, that the receiver had charged for its services as such when it should not do so, being also trustee; that the expense for operating the building, and for electric light, coal, etc., was fifty per cent too high, etc.

On June 25, 1902, a decree was entered confirming the report of the master to whom the case had been referred, and finding that there was due to the Northern Trust Company, as trustee, from the Merrimac Building Company, $199,359 for ground rent, solicitors' fees, stenographers' bills, etc. The decree further provided that unless said amount should be paid by March 15, 1904, the leasehold interest should be sold to satisfy the same; that any of the complainants might bid at the sale; that the receivership continue until a sale should be had and until confirmed or until the property should be redeemed; that out of the rents the receiver should pay the ground rent provided in the lease, running expenses, etc., and file quarterly reports; that the sale should not be made before March 15, 1904. No further steps were taken towards making a sale under the decree, so far as is shown by this record, and on February 21, 1905, E. A. Shedd and Albert M. Johnson filed a petition in the case, alleging that they owned $294,500 of the bonds issued by the Merrimac Building Company, and asking, as such bondholders, to be allowed to pay the amount found due by the decree. An order was entered on February 21 in accordance with the petition, and the amount was paid to the Northern Trust Company in open court. On February 25, 1905, appellant, John C. Patterson, moved to set aside said order on the ground that he had not been

served with notice that it would be asked for. Appellant's motion to set aside the order was refused. On May 2, 1905, an order was entered vacating the order of reference as to two of the receiver's quarterly accounts, overruling objections to said accounts and approving the same, but adding in said order a provision that such approval would be without prejudice to the rights of appellant, Patterson, in any case then pending or thereafter filed against said Northern Trust Company, as trustee under the trust deed. On the hearing of the motion as to the entry of the above order appellant asked to have the provision as to its being entered without prejudice to his rights inserted in several other places in the order, which insertion the court held was unnecessary and refused to make. Said Patterson thereupon took the case by writ of error to the Appellate Court, assigning as error the entering of the order appointing the Northern Trust Company as receiver; of the decree of June 25, 1902; of the order of February 21, 1905, and refusal to vacate the same, and the entering of the order of May 2, 1905. The Appellate Court having affirmed the findings of the trial court the case is appealed to this court.

JOHN C. PATTERSON, *pro se.*

JUDAH, WILLARD, WOLF & REICHMANN, OLIVER & MCCARTNEY, and HERRICK, ALLEN, BOYESEN & MARTIN, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, who files the brief in his own behalf, contends that the court erred in entering the order of June 24, 1902, appointing the Northern Trust Company receiver, because said trust company at that time was acting as trustee under the deed of trust of December 20, 1897. While it is true that a trustee will not ordinarily be appointed receiver of the trust estate, yet if it appears that such appointment would

be for the best interests of the estate the rule may be departed from. (23 Am. & Eng. Ency. of Law,—2d ed.— p. 1035, and cases there cited.) The general rule is that the appointment of a receiver and the proper person to be appointed is not an arbitrary matter, but rests in the sound discretion of the court. (*Taylor* v. *Life Ass.* 3 Fed. Rep. 465.) This appointment was made with the consent and concurrence of appellant herein, and so far as the record discloses he found no fault with it until some three years thereafter nor did he apply to have the receiver removed. The discussion of the duty of the trustee not to mingle the trust fund with his own, as found in the brief, and that he shall not make secret profits, is, generally speaking, in accord with the law but finds no support from the facts in the record. Appellant has not pointed out how he has been injured in any way by said company acting as receiver. It is true, he seems to contend that said receiver should have insisted upon strict and technical forfeiture under the lease on account of the non-payment of rent, thus causing the Merrimac Building Company and the bondholders under the trust deed to the Illinois Trust and Savings Bank to forfeit all their interests in said leasehold and the $600,000 building thereon. Such forfeitures are not favored in equity. In *Douglas* v. *Union Mutual Life Ins. Co.* 127 Ill. 101, this court said (p. 116): "No rule is better settled than that a court of equity will not lend its aid to enforce a forfeiture because of a breach of a condition subsequent in a deed."

It is urged that the decree of June 25, 1902, confirming the report of the master and finding the amount due under the trust deed, providing that if such amount was not paid within a certain date the leasehold interests should be sold to satisfy the same, was erroneous and that there is nothing in the record to justify its entry. In chancery cases the rule is settled that the party in whose favor a decree granting affirmative relief is entered, to maintain it must preserve the evidence by a certificate of evidence, or otherwise the decree

must find specific facts that were proved on the hearing. (*First Nat. Bank* v. *Baker*, 161 Ill. 281; *Village of Harlem* v. *Suburban Railroad Co.* 202 id. 301; *Berg* v. *Berg*, 223 id. 209.) This decree did find specific facts upon which it is based. It will be noted that the transcript of the record in this case was prepared upon a *præcipe* filed by appellant and does not purport to be a transcript of the complete record. Apparently, only a small portion of the evidence appears to have been incorporated therein. In the absence of a certificate preserving *all* the evidence it will be presumed that there was sufficient evidence to sustain the finding of the specific facts in the decree. *Brown* v. *Miner*, 128 Ill. 148; *King* v *King*, 215 id. 100.

The further objection is made that the court erred in entering the order of February 21, 1905, wherein it permitted the bondholders to file a petition and granted their request to pay the amount in full found due by said decree of June 25, 1902. In Jones on Mortgages (5th ed. vol. 2, sec. 1537,) the author states: "It is the right of the mortgagor whose property has been placed in the hands of a receiver pending a suit for foreclosure, to pay the debt at any time and have the property restored to his possession. This right does not depend upon the discretion of the court, but is one which he can claim and the court cannot withhold. Payment destroys the plaintiff's cause of action." Complaint is not made that the full amount of the decree was not paid into court as provided by the order of February 21, 1905, although it is argued that the balance of the money in the hands of the receiver should not have been turned over to the Merrimac Building Company. It is especially provided by said decree of June 25, 1902, that if redemption be made an accounting be had by the receiver and the Merrimac Building Company for all rents and other moneys received while in possession, and that the court should retain jurisdiction for that purpose. As appellant was paid in full for all his interests he has no interest in the accounting.

The only parties who have a right to complain are apparently satisfied with the decree of the trial court. When a lien created by a mortgage has been fully satisfied the property is no longer subject to its provisions. *Davis* v. *Dale,* 150 Ill: 239.

Appellant further complains that his motion to vacate and set aside said order of February 21, 1905, should have been allowed by the court. The only point made in support of this motion was, that appellant had not received notice of the entering of said order of February 21, 1905, as provided by the rules of the trial court. He did not support his motion by any proof,—not even to the extent of swearing that he did not receive notice. He simply made that statement in open court and said that was the only point he made and relied on. He did not show or claim at that time, nor does he now, that he was injured in any way by the entry of this order without notice or that he would be benefited if it were set aside. In *Foster* v. *Mansfield, Coldwater and Lake Michigan Railroad Co.* 146 U. S. 88, that court said (p. 101): "A court of equity is not called upon to do a vain thing. It will not entertain a bill simply to vindicate an abstract principle of justice or to compel the defendants to buy their peace." (See, also, *Stearns* v. *Cope,* 109 Ill. 340.) Appellant was a party complainant in the foreclosure proceedings, and before the sale under the decree certain holders of bonds made by the Merrimac Building Company and secured by a trust deed to the Illinois Trust and Savings Bank came into court and paid the entire amount of the decree, and the court ordered the receiver to receive the money and turn over the property to said Merrimac Building Company. If appellant had been present in court upon due notice nothing less could have been done.

In entering the order on May 2, 1905, as to certain receiver's reports, objection was made that the order did not provide, in various places where appellant desired to have it do so, that it was entered without prejudice. As the order

was finally entered it contains this clause: "And the final report and account of the receiver are approved without prejudice to the rights of the said John C. Patterson" in any suit he may file against the Northern Trust Company, as trustee, etc. We think this wording protected all the rights of appellant as fully as if it had been inserted a score of times in the decree.

Appellant devotes a portion of his brief to the point that the Merrimac Building Company was not permitted, by law, to hold real estate, and that all its acts in the premises were absolutely null and void. It is hardly proper for appellant at this late day to raise this question. If valid, it should have been taken into consideration by him some seven years ago, when he joined in the bill to foreclose the trust deed, or even at an earlier date, when appellant (who is himself an attorney at law) joined in consenting to an assignment of the lease to the corporation which he now says is acting in violation of law in holding it. *Leigh* v. *National Hollow Brake-Beam Co.* 224 Ill. 76.

Appellant has an equitable life interest in one-twelfth of the property conveyed by the trust deed. Appellees, who represent three-fourths of the entire beneficial interest under said trust deed, insist here, as they did in the Appellate and circuit courts, that if the contention of appellant were sustained the results would be injurious to the trust estate. The owner of the other one-fourth beneficial interest (in one-third of which appellant has an equitable life estate) makes no complaint here. He is the son of appellant, an adult and under no legal disability. These facts, while not conclusive, tend strongly to show that no injustice has been done appellant by the proceedings of which he complains.

Finding no error in the record the judgment of the Appellate Court will be affirmed.   *Judgment affirmed.*