JOHN C. PATTERSON, Appellant, *vs.* THE NORTHERN TRUST
COMPANY *et al.* Appellees.

*Opinion filed October 23, 1907—Rehearing denied Dec. 11, 1907.*

1. PLEADING—*a cross-bill must be germane to original bill.* A
cross-bill must be confined to the subject matter of the original bill
and cannot introduce new matters, except such as are necessary for
the court to have before it in deciding the questions raised in the
original suit.

2. SAME—*when a cross-bill is not germane to an original bill.*
Where an original bill is filed by a trustee to obtain the instruction
of the court with reference to its power and duty, as trustee, in bid-
ding at a sale that might be made under a decree of foreclosure
theretofore entered, a cross-bill which seeks to vacate and set aside
the foreclosure decree upon the ground of fraud is not germane to
the original bill.

3. FRAUD—*what is necessary in order to invoke jurisdiction of
equity.* In order to invoke the jurisdiction of a court of equity to
set aside a foreclosure decree upon the ground of fraud and col-
lusion between certain parties in instituting the suit for their pri-
vate gain, it must appear that the complainant has been injured by
such fraudulent and collusive acts.

4. FORFEITURE—*when the right to insist upon strict forfeiture is
waived—laches.* One having an interest in property who signs an
agreement waiving forfeiture of a leasehold interest therein for
non-payment of rent and authorizing the institution of a suit to
foreclose a landlord's lien, cannot, after the lapse of many years
and after the foreclosure decree has been entered and the amount
thereof paid in full, raise the question that the trustee of the estate
should have insisted upon a strict forfeiture of the lease.

APPEAL from the Appellate Court for the First District;—
heard in that court on writ of error to the Circuit Court of
Cook county; the Hon. M. F. TULEY, Judge, presiding.

In the opinion in *Patterson v. Northern Trust Co.* 230
Ill. 334, between the same parties as are in this cause, will be
found a statement of the facts as to certain litigation result-
ing in a decree of the circuit court of Cook county on June

25, 1902, establishing a lien in favor of the Northern Trust Company, trustee, as lessor, against the Merrimac Building Company as lessee, of certain premises in Chicago, on which, after the lease was made, the structure known as the Stewart Building was erected. For a more complete statement of facts in the original proceedings we refer to that case.

The decree of June 25, 1902, found, among other things, that the amount due from the Merrimac Building Company to the trust company was $199,359, and ordered the leasehold estate and building sold unless the amount so found due was paid on or before March 15, 1904. The bill in this case, filed May 20, 1904, in the circuit court of Cook county, sets forth that while the other beneficiaries under the trust deed had directed and requested the Northern Trust Company, trustee therein, to bid for the property to be sold the full aggregate sum due and payable under the decree, agreeing to credit any sum so paid and for which said Northern Trust Company, as trustee, might buy the property on account of the decree, and that while all of the other beneficiaries under said decree desired this to be done, appellant, the said John C. Patterson, had refused to join in such request, direction or agreement, and threatened to object to any action said trust company might take in regard to the leasehold and the building above described, and also threatened that he would seek to impose a personal liability on whatever action said trust company might take in that regard, and therefore said trust company asked for directions as to its rights and duties as said trustee.

All the other beneficiaries under said deed of trust answered admitting the allegations of the bill, except appellant, (the beneficial owner of a life estate in one-twelfth interest in the property,) who filed his answer June 9, 1904, alleging, among other things, that on March 1, 1898, said trust company, as trustee, served upon the Merrimac Building Company, under the terms of said lease, notice of default and of its election to terminate the lease, and that

thereby said lease and leasehold was terminated; further alleging that thereafter, on March 15, 1898, said trustee, under a mistake of law and fact and without understanding its duties or rights in the premises or its powers under said deed of trust, entered into an agreement in writing with the Merrimac Building Company, whereby it was agreed that no further steps should be taken to enforce the forfeiture of said leasehold estate and building until July 1, 1900, provided certain covenants and agreements made by the Merrimac Building Company should be kept and performed, and providing further that nothing should be deemed a waiver by said trustee or beneficiary as to the right to forfeit, but only that they would forbear its enforcement for the time upon the conditions stated; defendant represents that said agreement was *ultra vires* and beyond the power of the trustee to make under the terms of the trust, and that the assent of the beneficiaries who also signed said agreement was also *ultra vires* and therefore void. The further allegation is made that the terms of said agreement were not carried out and that said pretended agreement could not revive said lease. The answer further alleges that the trustee had been in possession of the premises but had improperly yielded the possession to the receiver in a suit brought by certain bondholders under a mortgage given by said Merrimac Building Company; that said suit brought to foreclose the lessor's lien, in which appellant was one of the parties complainant, in which said decree of June 25, 1902, was entered, was brought under a mistake of law and fact, and that the decree entered therein ought to be set aside and should not be enforced, the leasehold being, as a matter of fact, already terminated and the building already the property of the trustee.

Appellant, on January 24, 1905, filed a cross-bill, in which he made substantially the same allegations about the litigation between the Northern Trust Company and its beneficiaries that he had made in his answer, asserting that

the beneficiaries joined in the agreement of March 15, 1898, and in the bill for foreclosure, at the request of the Northern Trust Company, not having any "independent or competent legal advice." The cross-bill further alleged that said bill of August 10, 1900, was in the interest solely of the Northern Trust Company and its attorneys, to enable them to obtain a private profit at the expense of the trust funds. The cross-bill asked that the decree of June 25, 1902, might be set aside and declared to be void and of no effect, and that it might be decreed that no further proceedings should be had thereon.

To this cross-bill all the other beneficiaries under said deed of trust and the Illinois Trust and Savings Bank filed general demurrers, and the Merrimac Building Company filed a general and special demurrer setting forth that the cross-complainant had been guilty of *laches,* which should bar him from relief; that there was no denial in the cross-bill that the cross-complainant had received rents and profits collected by the trustee and receiver under the decree he sought to set aside, and that he had not set up facts sufficient to release him from the binding force of his consent to the agreement of March 15, 1898, and the proceedings of June 25, 1902.

March 20, 1905, the court entered an order that the demurrers to the cross-bill be sustained on the ground that the matters set forth were not germane to the original bill, and that the cross-bill be dismissed out of court for want of equity, without prejudice to the cross-complainant's right to file a bill of review therein, or a bill in the nature of a bill to review, as to the matters set forth in said cross-bill, and further ordered that the original bill be dismissed on the motion of complainant, at its costs. On a writ of error the proceedings of the circuit court were reviewed by the Appellate Court and the decree of that court affirmed. Appellant, by appeal, has brought the proceedings to this court for review.

JOHN C. PATTERSON, *pro se.*

JUDAH, WILLARD, WOLF & REICHMANN, OLIVER & MC-CARTNEY, and HERRICK, ALLEN, BOYESEN & MARTIN, for appellees.

Per CURIAM : The main contention of appellant is, that the court erred in sustaining the demurrers to the cross-bill and dismissing it for want of equity. The original bill in this proceeding was filed by the Northern Trust Company solely for the purpose of obtaining an instruction of the court as to its power and duty, as trustee, in bidding at a sale that might be made under a decree of foreclosure theretofore entered, and had no bearing upon the merits of the original decree of foreclosure. The relief sought by the answer of appellant and by his cross-bill was to vacate and set aside this decree of foreclosure. The cross-bill was therefore in the nature of a bill of review, and the sole ground urged to sustain it is fraud. A cross-bill must be confined to the subject matter of the original bill, and cannot introduce new and distinct matters not embraced in the original bill. (3 Daniell's Ch. Pl. & Pr.—Perkins' ed.—p. 1743.) Matters in the cross-bill must be germane to the matter involved in the original bill. The new facts which it is proper for the defendant to introduce thereby are such, and such only, as are necessary for the court to have before it in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it in respect to the cause of action on which the complainant rests his right to aid or relief. (5 Ency. of Pl. & Pr. 640.) We are inclined to the opinion that on the facts presented in this record the cross-bill of appellant was not germane and that on this ground the demurrer was properly sustained; (*Ballance* v. *Underhill,* 3 Scam. 453; *Pestel* v. *Primm,* 109 Ill. 353; *Gage* v. *Mayer,* 117 id. 632;) but without giving our reasons at length as to that ground for dismissal, we are

convinced that the demurrer to the cross-bill was properly sustained on the other ground stated in the chancellor's order,—that it showed no equity on its face. "A demurrer in chancery is always to the merits and in bar of the relief sought, and proceeds upon the ground that, admitting the facts to be true as stated in the bill, still the complainant is not entitled to the relief he seeks." (*Harris* v. *Cornell*, 80 Ill. 54.)   It appears that appellant is an attorney in actual practice, and while he insists that he was not properly advised as to his rights in the matter when he signed said agreement on March 15, 1898, or joined as complainant in the foreclosure proceedings of August 10, 1900, still the cross-bill does not allege that his joinder as plaintiff was unauthorized, but, on the contrary, states that he gave his consent, and it nowhere appears from this record that such consent was ever afterwards withdrawn or attempted to be withdrawn.

It is apparent from the facts presented on the two records that the decision in *Patterson* v. *Northern Trust Co.* 230 Ill. 334, heretofore referred to, is conclusive as to the merits of the cross-bill in this case.   In that case it is shown that appellant has been paid in full all that he is entitled to under said deed of trust, and he did not claim in that case, and has not alleged or claimed in this case, that he is in any way injured by the ruling of the court in the original proceedings.   It is true that in this case, as in the other, he charges, in his brief, secret agreements between the Northern Trust Company and the Merrimac Building Company, and claims that the original bill to foreclose was brought solely for the benefit of said trust company and its attorneys, but he has not shown in that proceeding, or in this, how he has been injured thereby.   The jurisdiction of a court of equity to give the relief asked for in the original proceedings in the other case or on this cross-bill,—even if it appeared (which it does not) that there had been collusion between the parties, as alleged,—could only be invoked by appellant

if it was shown "that the collusive acts have done an injury" to him. *First Baptist Church* v. *Syms,* 51 N. J. Eq. 363; *Central Trust Co.* v. *Peoria, Decatur and Evansville Railway Co.* 104 Fed. Rep. 420.

As we understand this record, appellant's only basis of claim for injury by the issuing of said order of June 25, 1902, is, that the Northern Trust Company should have insisted on strict forfeiture of the lease. Appellant does not deny that he signed an agreement waiving this forfeiture, and that he authorized the bill of foreclosure in the original proceedings, which amounted to a waiver of notice to forfeit. (Wood on Landlord and Tenant, sec. 46; 18 Am. & Eng. Ency. of Law,—2d ed.—382-384, and cases there cited.) He complains that certain agreements of his attorneys in filing the bill for foreclosure in the original proceedings and in entering the decree therein were not authorized by him. He does not deny that they were authorized to act as his attorneys, and he does not here or in the original proceedings show wherein they misled him or in any way acted without authority. He signed the agreement of March 15, 1898, substantially waiving any right which he may have had to a strict forfeiture, and never raised any question in this regard until he filed, years after, his answer and cross-bill herein. To insist upon a strict forfeiture of this lease under these circumstances would be most harsh and unjust. On the facts presented by this record we think this delay amounts to such *laches* as to preclude him from now raising this question.

The appellant is barred by his own acts from raising the question as to the right of the Merrimac Building Company to take as assignee under said lease, (*Coquard* v. *National Linseed Oil Co.* 171 Ill. 480,) as he is also barred from questioning the authority of the Northern Trust Company to act as trustee under said deed of trust.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*