## John C. Patterson v. The Northern Trust Company et al.

### Gen. No. 13,685.

This case is controlled by the decisions in Patterson v. Northern Trust Co., 132 Ill. App., 63 and 208; affirmed by the Supreme Court in 230 Ill., 334, and 231 Ill., 22.

Bill in chancery. Error to the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed March 19, 1908.

JOHN C. PATTERSON, for appellant.

HARRY S. MECARTNEY and JUDAH, WILLARD, WOLF & REICHMANN, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

Despite the voluminous briefs filed in this cause, there is little for this court to say concerning it which has not been said in the two opinions filed in appeals with the same entitlement, 132 Ill. App., 63 and 208. The judgments involved in them have since been affirmed by the Supreme Court. Patterson v. Northern Trust Co., 230 Ill., 334, and Patterson v. Northern Trust Co., 231 Ill., 22.

In the latter case the Supreme Court, sustaining our opinion to the same effect, declared that they were "convinced that the demurrer to the cross-bill was properly sustained on the other ground stated in the chancellor's order — that it showed no equity on its face."

Again it says: "As we understand this record, appellant's only basis of claim for injury by the issuing of the order of June 25, 1902, is that the Northern Trust Company should have insisted on strict forfeiture of the lease.

Appellant does not deny that he signed an agreement waiving this forfeiture, and that he authorized the bill of foreclosure in the original proceedings, which amounted to a waiver of notice to forfeit. He complains that certain agreements of his attorneys in filing the bill of foreclosure in the original proceedings, and in entering the decrees therein were

not authorized by him.    He does not deny that they were au-
thorized to act as his attorneys, and he does not here or in the
original proceedings show wherein they misled him or in any
way acted without authority.    He signed the agreement of
March 15, 1898, substantially waiving any right which he
may have had to a strict forfeiture, and never raised any
question in this regard until he filed, years after, his answer
and cross-bill herein.    To insist upon a strict forfeiture of
this lease under these circumstances would be most harsh
and unjust.    On the facts presented by this record, we think
this delay amounts to such laches as to preclude him from
now raising this question."

This disposes at least of the first twelve paragraphs of
the appellant's amended bill in this case, of the dismissal of
which by the chancellor below on the sustaining of a demurrer
to the same, the appellant is here complaining.    The allega-
tions in these paragraphs are identical with the allegations of
the cross-bill filed six months before, on which the opinion
of the Supreme Court above quoted was given.

If there be anything in the remainder of the amended bill
herein which is not covered by that opinion, it is based on
the proposition that the Merrimac Building Company was
not a corporation permitted to hold real estate, and that all
its acts in the premises were null and void, and all the acts
of the Northern Trust Company in dealing with it illegal
and reversible because of its knowledge of this incapacity.

In relation to this, the opinion of this court in Patterson
v. The Northern Trust Company, 132 Ill. App., 208, says:
"Twice has the Merrimac Building Company been recognized
by plaintiff in error as a corporation, and its right as such
to hold the title to the Stewart Building unchallenged, first,
when the assignment of the Kohlsaat lease was made to it,
and, second, when the bill here was filed against it seeking to
enforce a lien under the covenants of the Kohlsaat lease.    If
the company were otherwise open to the attack made, so far
as plaintiff in error is concerned, the doctrine of estoppel
would be a complete defense."

In affirming the judgment of this court in that case, Pat-

terson v. Northern Trust Co., 230 Ill., 334, the Supreme Court says: "Appellant devotes a portion of his brief to the point that the Merrimac Building Company was not permitted, by law, to hold real estate, and that all its acts in the premises were absolutely null and void. It is hardly proper for appellant at this late day to raise this question. If valid, it should have been taken into consideration by him some seven years ago, when he joined in the bill to foreclose the trust deed, or even at an earlier date, when appellant, who is himself an attorney at law, joined in consenting to an assignment of the lease to the corporation which he now says is acting in violation of law in holding it."

In Patterson v. Northern Trust Co., 231 Ill., 26, also, the Supreme Court says: "The appellee is barred by his own acts from raising the question as to the right of the Merrimac Building Company to take as assignee under said lease, as he is also barred from questioning the authority of the Northern Trust Company to act as trustee under said deed of trust."

The decree of the Circuit Court is affirmed.

*Affirmed.*