JOHN C. PATTERSON, Appellant, *vs.* THE NORTHERN TRUST COMPANY *et al.* Appellees.

*Opinion filed February 19, 1909—Rehearing denied April 7, 1909.*

1. APPEALS AND ERRORS—*exhibits to a bill should be abstracted.* The Supreme Court cannot determine whether a certain decree which was attached as an exhibit to a bill in equity was a consent decree, even though that fact must appear on the face of the decree itself, where the exhibits to the bill were not abstracted by counsel in the abstract of record.

2. PLEADING—*when bill is multifarious.* A bill in equity which seeks not only to establish a right to an accounting from a trust company and to have a new trustee appointed, but also to have the charter of another corporation annulled and its affairs wound up, and to hold the trust company liable for its failure to file reports with the Auditor of Public Accounts and to compel such company to comply with the statute in that respect, is multifarious.

3. RES JUDICATA—*when determination against cross-bill is conclusive against a right to relief by original bill.* A determination by the Supreme Court that a demurrer was properly sustained to a cross-bill on the ground that it showed no equity on its face is conclusive against a right to relief when the same facts are subsequently presented by original bill.

4. The decisions in *Patterson* v. *Northern Trust Co.* 230 Ill. 334, and 231 id. 22, are conclusive of the other questions here involved.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

FRANK A. BINGHAM, for appellant.

JUDAH, WILLARD, WOLF & REICHMANN, for appellees the Northern Trust Company and William Brinkman; OLIVER & MECARTNEY, for appellees the Merrimac Building Company, Edward A. Shedd and Albert M. Johnson; HERRICK, ALLEN, BOYESEN & MARTIN, for appellees Hannah M. Williams, Helen W. S. Johnson and Fannie V. M. Johnson.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a decree of the circuit court of Cook county in sustaining a demurrer to the bill of the complainant and in dismissing the bill for want of equity.

The subject matter of this litigation has been before this court on two occasions, and the opinions filed in those cases will be found reported as *Patterson v. Northern Trust Co.* 230 Ill. 334, and *Patterson v. Northern Trust Co.* 231 id. 22, where will be found a full statement of the facts incorporated in this bill, which makes it unnecessary to here re-state the facts upon which the holdings of this and the lower courts are predicated.

The apparent object of the present bill is to obtain a holding to the effect that the lease to Kohlsaat and the assignment thereof to the Merrimac Building Company are void, and that the building erected upon the premises, by reason of the forfeiture of the lease, now forms a part of the fee, and to require the Northern Trust Company, as trustee, to account to appellant for his proportionate share of all rents which have been earned by the premises cov-

ered by said lease since the date of the notice to the lessees by the Northern Trust Company that the lease had been forfeited. Substantially all the contentions raised by the brief of counsel for the appellant in this case were raised by the appellant in the other cases when they were here and were disposed of adversely to appellant. We will, however, take up and consider the points discussed in the brief of appellant, from which it will clearly appear that the trial and Appellate Courts could not have done otherwise than hold that the bill of appellant was vulnerable to a demurrer, unless the former adjudications of this court are to be disregarded or overruled.

The first contention made by appellant is that the lease to Kohlsaat was forfeited. In *Patterson* v. *Northern Trust Co.* 231 Ill. 22, the same contention was made, and it was there held, in express terms, that appellant had waived the right to insist upon a forfeiture of said lease by reason of the agreement in writing signed by him, referred to in the statement of facts in that case, and by reason of his having joined in the chancery suit, as a complainant, to foreclose the lien for ground rent due under the terms of said lease. That question is therefore set at rest by the former decision of this court. On page 28 (231 Ill. 22) it was said: "As we understand this record, appellant's only basis of claim for injury by the issuing of said order of June 25, 1902, is, that the Northern Trust Company should have insisted on strict forfeiture of the lease. Appellant does not deny that he signed an agreement waiving this forfeiture and that he authorized the bill of foreclosure in the original proceedings, which amounted to a waiver of notice to forfeit. * * * He complains that certain agreements of his attorneys in filing the bill for foreclosure in the original proceedings and in entering the decree therein were not authorized by him. He does not deny that they were authorized to act as his attorneys, and he does not here or in the original proceedings show wherein they misled him

or in any way acted without authority. He signed the agreement of March 15, 1898, substantially waiving any right which he may have had to a strict forfeiture, and never raised any question in this regard until he filed, years after, his answer and cross-bill herein. To insist upon a strict forfeiture of this lease under these circumstances would be most harsh and unjust."

It is next contended that the assignment by Kohlsaat to the Merrimac Building Company of said lease was void. It is apparent that Kohlsaat had power to accept the lease, and if the assignment to the Merrimac Building Company was held to be void the title to the leasehold interest in said premises created by said lease would still remain in Kohlsaat, and the holding that said assignment was void would in no way benefit the appellant.

It is also said that the decree in the foreclosure suit was a consent decree and not binding upon the appellant, as he entered into it without having taken the advice of counsel. The decree is not set out in the bill *in hæc verba* but was attached to the bill as an exhibit, and as the exhibits to the bill are not abstracted by the appellant we are not able to say whether the decree is a consent decree or not. A consent decree must appear to be such from the face of the decree itself. (Gibson on Suits in Chancery, p. 558.) It is not the duty of this court to perform the work of counsel, but a party bringing a case to this court for review should file an abstract of the record which fully presents every error relied upon. *Staude* v. *Schumacher,* 187 Ill. 187.

It is further contended that the bill shows that the Northern Trust Company has collected a large amount of rents arising from the said leasehold property which it has failed to account for to appellant, and that it has retained commissions as receiver and paid out various amounts as solicitors' fees and for other expenses which it should not have been credited with in its account as receiver. This

contention is based upon the theory that the rents which said Northern Trust Company received as receiver in the foreclosure suit belong to the beneficiaries under said trust deed, on the ground that the lease to Kohlsaat was avoided by its assignment by Kohlsaat to the Merrimac Building Company. The lease and the assignment thereof were held valid as against appellant when the same facts now presented to the court were before the court in the other cases in which the appellant was a party, and it was then determined that the only interest that the appellant had in the rents derived from the property covered by said lease was the right to receive his proportionate share of the ground rent, and that as he had received such share in full he had no interest in the rents arising from said premises and no concern in the statement of the receiver's account, but that those questions were questions solely between the receiver and the lessees. The holding, therefore, in *Patterson* v. *Northern Trust Co.* 231 Ill. 22, upon that point, is conclusive upon the appellant. On page 27 it was said: "It is apparent from the facts presented on the two records that the decision in *Patterson* v. *Northern Trust Co.* 230 Ill. 334, heretofore referred to, is conclusive as to the merits of the cross-bill in this case. In that case it is shown that appellant has been paid in full all that he is entitled to under said deed of trust, and he did not claim in that case, and has not alleged or claimed in this case, that he is in any way injured by the ruling of the court in the original proceedings. It is true that in this case, as in the other, he charges, in his brief, secret agreements between the Northern Trust Company and the Merrimac Building Company, and claims that the original bill to foreclose was brought solely for the benefit of said trust company and its attorneys, but he has not shown in that proceeding, or in this, how he has been injured thereby. The jurisdiction of a court of equity to give the relief asked for in the original proceedings in the other case or on this cross-bill,—even if

it appeared (which it does not) that there had been collusion between the parties, as alleged,—could only be invoked by appellant if it was shown 'that the collusive acts have done an injury' to him."

The appellant has in his bill endeavored to bring before the court not only a claim for the right to an accounting and to have the Northern Trust Company removed as trustee and a new trustee appointed, but he has also by his bill sought to have it determined that the Merrimac Building Company is not legally organized and to have its charter annulled and its affairs wound up, and has also sought to have the Northern Trust Company held liable for a failure to file reports with the Auditor of State in accordance with the statute governing the control of similar corporations, and to require the said Northern Trust Company to comply with the statute in that particular. These several averments made his bill multifarious and fully justified the trial court in sustaining a demurrer thereto on that ground, which was one of the special grounds of demurrer relied upon in the courts below and now insisted upon in this court.

The appellant avers in his bill and states in his brief that the facts averred in this bill are the same as the facts averred in his cross-bill filed in *Patterson* v. *Northern Trust Co.* 231 Ill. 22. In that case this court, on page 26, said, after disposing of the question whether or not the cross-bill was germane to the original bill: "We are convinced that the demurrer to the cross-bill was properly sustained on the other ground stated in the chancellor's order,—that it showed no equity on its face." · If the facts averred in the cross-bill filed in that case entitled the appellant to no equitable relief, we are unable to discover upon what ground the same facts would entitle him to relief when brought forward by way of an original bill.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*