Charles Cossitt Shedd and Christiana M. Shedd, Executors of the Last Will and Testament of Edward A. Shedd, Deceased, Appellants, v. Alvina F. Patterson, Administratrix of the Estate of John C. Patterson, Deceased, Appellee.    Northern Trust Company, Garnishee-Defendant.

### Gen. No. 27,911.

1.  ABATEMENT AND REVIVAL—*action for malicious prosecution for injury to leasehold not survivable action for injury to personal property.* A cause of action for malicious prosecution predicated on diminution of value of a leasehold estate and damages resulting therefrom does not survive the death of the plaintiff, under section 123 of the Administration Act, Cahill's Ill. St. ch. 3, ¶ 125, providing that actions to recover damages for injury to real or personal property shall survive, since that provision applies to tangible or physical injuries only.

2.  ABATEMENT AND REVIVAL—*action for malicious prosecution causing injury to leasehold not survivable as one for detention of property.* An action for malicious prosecution resulting in diminution of the value of a leasehold does not survive the death of the plaintiff, under the provisions of Administration Act, Cahill's Ill. St. ch. 3, ¶ 125, that an action for the detention of personal property shall survive, even though the suits complained of may have been in the nature of actions *in rem* which amounted to a detention or seizure of the *res*, since such provision contemplates a direct or physical injury.

3.  ABATEMENT AND REVIVAL—*action for malicious prosecution causing injury to leasehold not survivable action for injury to person.* The provisions of Administration Act, sec. 123, Cahill's Ill. St. ch. 3, ¶ 125, that an action for damages for injury to the

person shall survive, are applicable only where the injury is direct and physical in character, and do not include injury to the value of a leasehold estate; and an action for malicious prosecution resulting in damages from the diminution of value of such estate abates with the death of the plaintiff.

4. ABATEMENT AND REVIVAL—*action for malicious prosecution not survivable at common law.* An action for malicious prosecution of equity suits causing damages to the owner of a leasehold estate by clouding the title, diminishing the value, etc., does not survive the deaths of the parties, on the theory that the estate of the plaintiff was diminished as a consequential damage from the prosecution of the suits complained of, since the common-law rule that in such case or where the estate of the wrongdoer was benefited, recovery might be had against the personal representatives, does not apply to mere personal actions for malice.

5. ABATEMENT AND REVIVAL—*when rule that actions survive death after verdict or findings on merits not applicable.* The rule that all actions survive the death of a party after a verdict or findings on the merits does not apply to preserve a cause of action for malicious prosecution based on certain suits in equity which resulted in damage to a leasehold estate owned by plaintiffs' testator, where predicated on the judgment in one of such suits, where the judgment therein was not an adjudication that the suits were malicious and prosecuted without probable cause, but was one dismissing the cause for abuse of process in attempting to relitigate what had previously been adjudicated.

Appeal by plaintiffs from the Circuit Court of Cook county; the Hon. DONALD L. MORRILL, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1922. Affirmed. Opinion filed October 2, 1923.

HARRY S. MECARTNEY, for appellants.

JOHN C. PATTERSON, *pro se*, F. J. KARASEK and W. D. ELMER, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action for malicious prosecution of civil suits, brought by Edward A. Shedd against John. C. Patterson. The cause went to the Supreme Court and was remanded for a new trial. (302 Ill. 355.)

Before it was redocketed Shedd died and a motion by Patterson to abate the action in consequence thereof was sustained. To enable an appeal to be taken and prosecuted the executors of the last will and testament of said Shedd were substituted as party plaintiff. Pending the appeal Patterson died and the administratrix of his estate has been substituted and permitted to file a plea of abatement based on the death of both of the original parties. The sole question, therefore, is whether the action survives.

After reciting the proceedings whereby Patterson became owner of a life estate in one-twelfth of the fee to certain real estate in Chicago and that the entire fee was subsequently put in trust by deed to The Northern Trust Company, served as garnishee herein, and that said Edward A. Shedd became the owner of a leasehold estate therein for a long term of years, the declaration sets forth the history of litigation instituted by said Patterson in several equity suits, all of which sought, or were predicated on the theory of, a forfeiture of said leasehold estate, and wherein the decrees were favorable to Shedd and adverse to the claims of Patterson. These several suits are referred to in the declaration as reported in 230 Ill. 334, 132 Ill. App. 208; 231 Ill. 22, 132 Ill. App. 63; 238 Ill. 601, 139 Ill. App. 681; and 286 Ill. 564, 207 Ill. App. 355, 361. Other alleged groundless suits for damages are recited as having been also commenced by Patterson and dismissed at his costs. The declaration then avers that these several actions were prosecuted by Patterson without reasonable and probable cause and with malicious and fraudulent intent to oppress and harass said Shedd and extort money from him; that by means thereof Shedd lost large sums of money and suffered great damages—above $25,000, by the clouding of his title to said leasehold, depreciation in its value, reduction and loss of rents and profits therefrom and hindrance in the transac-

tion of his business from necessity of attending to said suits, and that he suffered further damage above $25,000 for necessary expenses and counsels' fees in defending said suits.

Appellants contend that the action thus declared upon survives both at common law and by virtue of section 123 of the Administration Act [Cahill's Ill. St. ch. 3, ¶ 125] which reads as follows:

"§ 123. In addition to the actions which survive by the common law, the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property, or for the detention or conversion of personal property. * * *"

It is urged that the cause of action herein is included in any one of three of the classes enumerated in the statute, viz., (1) "Actions to recover damages for injury to the person"; (2) "Actions to recover damages for injury to real or personal property," and (3) actions "for the detention of personal property." With reference to the first class, it is contended that in a remedial statute like this, especially in view of the statutory exception of only libel and slander, injuries to the person cannot reasonably be confined to physical injuries alone. As to the second class, it is argued that the leasehold constituted "property"—whether real or personal being immaterial—and that the equity suits described in the declaration clouded the title thereto, depreciated the sale price, and hindered the sale thereof. As to the third class, it is contended that said suits constituted a detention in that they were in the nature of an action *in rem* and thus equivalent to actual seizure of the *res*.

None of the cases cited in support of these contentions was a case of malicious prosecution. Plausible as some of appellants' reasoning may be, we cannot disregard language of our Supreme Court implying

a different construction of the statute.

Referring to the provision with reference to actions to recover damages for an injury to personal property in *Jones v. Barmm,* 217 Ill. 381, an action for malicious interference with plaintiff's business, the court said the term "personal property" "was intended to apply only in actions for damages to tangible articles and things movable." See also, *Denslow v. Hutchinson,* 152 Ill. App. 502. We see no distinction in principle, so far as the construction to be given to those words is concerned, between the action then before the court and the one at bar, and if the intention of the statute be restricted thus to a direct injury to the *res,* the same construction would necessarily follow if the property be real. By parity of reasoning we think the action for damages for an injury to the person contemplates damages or injury of a physical character. This is the construction that has been given to similar statutes in other States. It was said in *Ward v. Blackwood,* 41 Ark. 296, construing the words, "For wrongs done to the person or property of another," used in the statute of that State providing for the survival of actions:

"The language of the statute includes every action, the substantial character of which is bodily injury, or damage of a physical character, but does not extend to torts which do not directly affect the person, but only the feelings or reputation, such as malicious prosecution," citing *Smith v. Sherman,* 4 Cush. [Mass.] 408; *Nettleton v. Dinehart,* 5 Cush. [Mass.] 543; *Norton v. Sewall,* 106 Mass. 143.

In *Porter v. Mack,* 50 W. Va. 581, the court, in discussing whether an action for malice survived under a statute which provided for the survival of an action for the waste or destruction of or damage to any estate of or by a decedent, held that it did not intend that the action for malicious prosecution and like personal actions should lose their specific character

by the allegation of specific and consequential damages to business or property; that if it did there would be no purely personal action left as such, as allegation and proof thereof could be made in most of them; that the damage to the estate the legislature had in view was direct damage occasioned by some overt or negligent act in relation to said estate and not indirect and consequential damage arising out of injury to person or reputation. The court added:

"The action for malicious prosecution is in tort for the injury, not to property, but to the person, and seeks recovery of consequential and punitive damages. 14 Amer. & Eng. Encyc. Law 37; 13 Encyc. Pl. & Pr. 426; *Lawrence v. Martin,* 22 Cal. 174; *Francis v. Burnett,* 84 Ky. 23; *Nettleton v. Dinehart,* 5 Cush. [Mass.] 543; 19 Amer. & Eng. Encyc. Law, (2nd Ed.) 650."

The Massachusetts statute on survival of actions which includes "tort for assault and battery, imprisonment or other damage to the person" has been construed as not including an action for malicious prosecution. (*Nettleton v. Dinehart,* 5 Cush. [Mass.] 543; *Cummings v. Bird,* 115 Mass. 346; *Conly v. Conly,* 121 Mass. 550.)

Our attention has not been called to a case where a statutory provision like ours has been held to include a purely personal action like malicious prosecution. On the contrary the above cases and others cited in volume 1, Corpus Juris, secs. 354 and 383, pp. 191, 202, support the statements there made that "an action or cause of action for malicious prosecution does not survive, either at common law or under the survival code of most States" (sec. 383), and that "unless preserved by statute actions or causes of action for * * * malicious prosecution of a civil action * * * and similar wrongs, although resulting to damage to property or estate, do not survive the death of either party (sec. 354)." See also, 1 Cyc. pp. 60, 61, note 19.

Appellants' contention that the action survives at

common law because as a consequential damage the equity suits diminished the estate of Edward A. Shedd is untenable. The general rule, as stated in 1 Corpus Juris, secs. 339, 340, pp. 184, 185, is:

"At common law, where a cause of action for injury to either the person or property of another was such that it could be enforced only by an action *ex delicto* for damages, in which the plea of the general issue must be not guilty, it did not, as a general rule, survive the death of the person to, or by whom, the wrong was done; and this is still the rule, so that such a cause of action, or a pending action thereon, abates on the death of either party, except in so far as the rule has been modified, or abolished by statute. * * *

"Where, however, the estate of the injured person was diminished by the wrong, his personal representatives might, in some cases, even at common law, recover for the injury; and *where the estate of the wrongdoer was benefited,* his personal representatives were liable."

While it cannot be said that the estate of Patterson was benefited by his alleged malicious suits, we do not find that the rule has been applied to mere personal actions for malice.

Invoking the doctrine that all actions survive where the party dies after verdict or finding on the merits, appellants' claim that our holding in *Patterson v. Northern Trust Co.,* 207 Ill. App. 355, amounted to an express adjudication that the Patterson suits referred to here and also in that case were malicious and prosecuted without probable cause. We cannot agree with this contention. The dismissal of that suit for palpable abuse of process, because it in effect sought to relitigate what appeared from the affidavit in support of the motion to dismiss to have been already adjudicated, cannot in our opinion be deemed an adjudication of the merits of this case, that the prosecution of said several equity suits was actuated by malice. On that question we must look to the pleadings and

issues of the case rather than to language in the opinion of the court.

We think the action abated on the death of the original claimant and that the judgment must be affirmed. This being the conclusion the plea of abatement here was unnecessary and need not be considered.

*Affirmed.*

GRIDLEY, P. J., and FITCH, J., concur.