MYRA WALKER, Appellee, *vs.* W. E. TAYLOR, Admr., Appellant.

*Opinion filed December 21, 1911.*

1. CORPORATIONS—*in Illinois a corporation organized solely to deal in real estate is unlawful.* In Illinois a corporation organized for the sole purpose of buying and selling real estate is unlawful, and such a corporation cannot exercise its powers in Illinois even though it is organized under the laws of another State.

2. SAME—*when corporation cannot acquire title through trustee.* A corporation organized solely for the purpose of buying and selling real estate cannot take title in Illinois either by a deed made directly to the corporation or to a third person as trustee for the corporation.

3. SAME—*effect of deed to a trustee for benefit of corporation organized to buy and sell real estate.* A deed to Illinois land made to a trustee for the benefit of a corporation organized to buy and sell real estate passes no title either to the corporation or the trustee, but the persons who subscribed and paid for the stock and with whose money the land was purchased acquire an equitable interest in the land and are entitled to protection as against creditors of the trustee.

4. EQUITY—*equity will look to substance of a bond and not to its form.* An instrument executed by a grantee, which recites at length that the land is held in trust for a corporation organized for the purpose of buying and selling real estate, that the money of the corporation has paid for the land and that the trustee is to make conveyances as directed by the corporation, will be regarded, in equity, as a declaration of trust although it is in the form of a bond.

5. ESTOPPEL—*when complainant is not estopped to maintain a bill for partition.* The facts that the complainant in a bill for the partition of unsold lands among the stockholders of a corporation which has been dissolved, signed the deed conveying the land 'to such corporation and that she is the executrix and sole devisee of the grantor in the deed, do not estop her from asserting that the deed conveyed no title because the corporation was organized to buy and sell real estate, where the bill asks for no relief the complainant would not have been entitled to had the bill been filed by any other stockholder.

APPEAL from the Circuit Court of Rock Island county; the Hon. F. D. RAMSAY, Judge, presiding.

PEEK & DIETZ, for appellant.

GEORGE W. WOOD, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal by appellant, who was the defendant below, from a decree of the circuit court of Rock Island county granting the relief prayed in a bill in chancery filed by complainant below, Myra Walker, and Myra Walker as executrix of the last will and testament of George W. Walker, deceased.

The material facts out of which the litigation arose are as follows: On the 15th day of April, 1890, George W. Walker, husband of Myra Walker, was the owner of certain real estate near the city of Moline, a part of which is involved in this litigation. On the day mentioned he and his wife executed and delivered to Frank W. Gould, trustee, a warranty deed of conveyance for said land. The consideration paid for the deed was $12,000, $8000 of that amount ·being paid to Walker in cash. There was a mortgage of $4000 on the land, and the conveyance was made subject to this mortgage, which was agreed to be paid by the grantee. On the same day the deed was executed and delivered to Frank W. Gould, the latter, together with John M. Gould and Charles M. Hill, executed an instrument reciting that they were held and firmly bound unto the East Moline Improvement Company, a corporation organized under the laws of the State of Iowa, with its principal place of business at Davenport, in said State, in the sum of $12,000. The instrument recited that some question had been raised as to the right of the improvement company to hold and convey real estate in Illinois, and to avoid that question the board of directors of the East Moline Improvement Company had selected Frank W. Gould as trustee, to hold title to the land for the use of said

corporation. The instrument recited that the conveyance was made to Gould as trustee, but that he had not paid any of the consideration but the same was paid with the money of the corporation, and that Gould held the land for said corporation, to be conveyed to such party or parties and upon such terms and considerations as the corporation might from time to time direct, the proceeds to be turned over to the corporation. The instrument provided that if Frank W. Gould should faithfully perform the trust and upon reasonable demand account for and pay over to the corporation the proceeds of sales of any of said land, and convey and turn over to a successor in trust the title to the property and all money in his hands when required so to do, the instrument should be void. The East Moline Improvement Company was incorporated under the laws of the State of Iowa on the 11th day of March, 1890. The purpose of the incorporation was: "The general nature of the business to be transacted by this corporation shall be the acquiring, purchasing, holding, improving, building upon, leasing, selling and conveying real estate and improvements and buildings and other appurtenances belonging thereto, including the platting and laying out of real estate into town or city lots; also the acquiring, purchasing, holding, selling and transferring of mortgages, bonds, promissory notes, judgments and all kinds of negotiable paper, and also the loaning of the funds of the corporation. All and singular the above powers may be exercised in any of the States or territories of the United States of America." The corporation had an authorized capital stock of $12,000, which was the consideration paid Walker for the land. It was paid by the subscribers to the stock of the corporation, who received stock representing the interest that they, respectively, had in the corporation. No other stock was ever issued by the corporation. Gould, the trustee, executed and filed for record June 4, 1891, a plat of part of the land, laying it out into lots, blocks,

streets and alleys as the East Moline addition to the city of Moline, and in 1898 he executed and filed for record a plat of another part of the land, laying it out into lots, blocks, streets and alleys as the Mineral Springs Park addition to the city of Moline. A portion of the land, as we understand it, has never been laid out into lots and blocks. Gould from time to time executed and delivered to purchasers of lots deeds therefor as directed by the corporation, and also executed contracts to other purchasers, agreeing to make conveyances when the lots were paid for. The money received was distributed to the stockholders of the corporation. The lots conveyed and contracted to be conveyed are described in the bill. Gould died intestate on or about the 20th of February, 1908, leaving Marcia L. Gould, his widow, and Florence Hale, his daughter and only descendant and heir-at-law. Appellant, W. E. Taylor, was appointed administrator of his estate. The bill sets out the names of the stockholders in the East Moline Improvement Company, the number of shares owned by them and the amount paid into the corporation. In September, 1898, the corporation filed with the Secretary of State of the State of Iowa a statement of the action of the stockholders of the corporation voting to dissolve said corporation. The resolution adopted by the stockholders recited that the company was completely dissolved, and that all parties holding any property of the company, in trust or otherwise, were authorized and directed to hold said property for and to account to the stockholders for their proportionate share. After the death of Gould his widow and daughter executed a quit-claim deed to George W. Walker for the land in controversy, being a part of the land described in the deed from Walker to Gould. This deed was executed March 27, 1908, and on the 7th day of April following, George W. Walker executed a declaration of trust, reciting the deed originally made by him to Gould as trustee, the death of Gould, and the deed to Walker

from his widow and daughter. The declaration recited that Walker held the land in trust for the parties contributing to its purchase, and their assignees, according to their respective interests, setting out the names of the parties and their proportionate interests. George W. Walker died on May 5, 1910. He left a last will and testament, in and by which he devised all of his property to his widow and appointed her executrix of the will. She, as a stockholder of the East Moline Improvement Company and as executrix and devisee, filed the bill in this case.

The bill alleges that the East Moline Improvement Company was organized wholly for the purpose of dealing in real estate, and that under the laws of the State of Illinois it had no power to buy and sell real estate and that a deed to it for real estate in this State is void. The bill further alleged that the deed from Walker to Gould was made for the purpose of evading the laws of this State in regard to corporations dealing in real estate in this State and was absolutely void; that the legal title to the land never passed from Walker but was in him at the time of his death; that the equitable title to the lots sold by Gould to parties prior to his death was in the grantees of the deeds or their heirs or assigns, and that parties who had contracted with Gould for the purchase of lots but had no deeds therefor had an equitable interest in said lots. The bill prayed that the plats made by Gould be confirmed; that all deeds made by him be confirmed in the grantees, and that the rights of the parties who had entered into contracts for the purchase of lots but who had not paid the full consideration therefor and received conveyances be ascertained by the court, and that the residue of the premises be partitioned between the complainants and the other equitable owners thereof, who were the persons who had subscribed and paid for stock in the East Moline Improvement Company. All parties alleged to be interested were made parties defendant to the bill. Appellant and the

widow and daughter of Frank W. Gould demurred to the bill. The demurrer was overruled, and appellant, as administrator of the estate of Frank W. Gould, answered the bill. The answer denied that Gould executed a declaration of trust, but alleged the instrument executed by him was a bond or writing obligatory for the performance of covenants, and that the remedy, if any, was at law. The answer denied the deed from Walker to Gould was void and that the title remained in Walker. The answer further averred that Gould was at the time of his death insolvent, and that appellant was appointed administrator of his estate and claimed the land in controversy as the property of Gould and liable to his creditors for the payment of their claims. Some of the other defendants answered the bill, but none of them denied its allegations or that the relief prayed should be allowed. After replications filed the cause was referred to the master to take the evidence and report his conclusions of law and fact. The master reported recommending a decree in accordance with the prayer of the bill, and after overruling exceptions filed by appellant the court entered a decree in accordance with the prayer of the bill and the recommendations of the master. The administrator of the estate of Frank W. Gould has brought the record here for review by appeal.

We think it abundantly shown by the record that the East Moline Improvement Company was organized for the purpose of buying the land from Walker, platting it into lots and blocks and selling them. We are warranted in inferring that the reason the company was organized under the laws of the State of Iowa was that such powers could not be conferred upon or exercised by a corporation in this State. The capital stock of the corporation was $12,-000. That was the consideration paid for the land, and the money to pay for it was received from the sales of stock. No business of any kind was done by the corporation except buying, platting and selling the Walker land.

In September, 1908, at a stockholders' meeting it was voted to dissolve the corporation, and a copy of the resolution adopted at the meeting was directed to be filed with the Secretary of State of Iowa. The corporation, therefore, for the purposes of this case must be treated on the same basis as if it had been organized for the sole purpose of buying and selling real estate. Such corporations are unlawful in this State and cannot acquire real estate. (*Carroll* v. *City of East St. Louis,* 67 Ill. 568; *Imperial Building Co.* v. *Board of Trade,* 238 id. 100; *People* v. *Shedd,* 241 id. 155.) It hardly requires argument to show that if the corporation could not acquire title to the land in controversy by deed directly to it, it could not do so indirectly .by having the deed made to a third person for its benefit. The question is not whether a corporation organized for lawful purposes and having a right to hold real estate for certain purposes has exceeded its powers. In that case, as contended by appellant, the question whether the corporation had exceeded its powers could only be raised by the State. But here the company was trying by indirection to exercise powers it never did have, because the law forbade its organization with such powers. It follows that the East Moline Improvement Company never acquired title by virtue of the deed from Walker and wife, and as Gould represented the corporation he acquired no title. Those who subscribed and paid for stock issued by the illegal association and with whose money the land was purchased did acquire an equitable interest in the property. Their interests are entitled to be protected by a court of equity as against the creditors of Gould, who never had any interest in the land except to the extent of the stock he subscribed and paid for.

We do not see how there can be any question of estoppel here against Myra Walker, as contended for by appellant. It is argued that as she represents George W. Walker as executrix and sole devisee and herself signed the deed,

even though the corporation was unlawful and could not acquire title to the land, she and her husband knew this when the deed was made, and having received the consideration for it she cannot now be heard to assert that the deed did not divest George W. Walker of the title to the land. Mrs. Walker is seeking no advantage that would not have accrued to her if the bill had been filed by any of the other equitable owners of the premises. The wife and only heir of Gould after his death quit-claimed all interest in the land to George W. Walker, who thereupon signed a declaration of trust, in which he stated he held the premises for the benefit of those who had subscribed the money that had paid for it when he executed the deed to Gould. Walker and his wife were among the subscribers to the stock and Mrs. Walker is now the owner of forty-three shares. The bill alleged that those who had purchased lots from Gould and received deeds therefor were in equity the owners thereof and asked that their title be confirmed. As to those who had contracted for the purchase of lots but who had not paid the full consideration and received deeds, the bill asked that the balance due be ascertained, and upon payment thereof within a time to be fixed by the decree the master in chancery execute deeds to the purchasers. As to the residue of the property, partition was asked in accordance with the respective interests of the parties, represented by the shares of stock held and owned by them. A mere statement of the case shows nothing is asked contrary to equity and good conscience. As we have said, the bill might have been filed by any of the equitable owners of the land, and Mrs. Walker would have been entitled to the same relief as if she had filed the bill and no more. If she could not maintain the bill we do not see how any of the other stockholders could do so, and the result would be that the undisposed of land would go to the creditors of Gould, for whose benefit it is claimed by appellant. This would be both legally and morally wrong.

It is also contended by the appellant that the instrument signed by Frank W. Gould was not a declaration of trust but was a bond. We think it is both. It is in the form of a bond, but it recites at length that Gould held the land in trust for the stockholders in the East Moline Improvement Company; that it was not his land; that he paid no part of the consideration for it but that it was paid for with the money of said company. Equity looks to the substance and not to the form.

We are of opinion the decree was in accordance with the law and the evidence, and it is affirmed.

*Decree affirmed.*