## Helen W. S. Johnson et al., v. Northern Trust Company, Trustee, et al.

## Northern Trust Company, Trustee, v. Hannah M. Williams et al.

## Edward A. Shedd, Appellant, v. Northern Trust Company, Trustee, et al., Appellees.

## Gen. No. 18,887.

1. APPEAL AND ERROR, § 269*—*when provisions in decree do not affect its final character.* Provisions in a decree for an accounting and reserving jurisdiction for the purpose of enforcing the decree do not affect its final character.

2. EQUITY, § 149*—*determination of character of bill.* A bill in equity which is in its essence and effect a bill to declare a forfeiture of a lease will be considered as such, though the complainant by ingenious phrasing of the prayer of the bill asks to have the leasehold estate decreed to have been surrendered by operation of law.

3. FORFEITURES, § 6*—*enforcement of forfeitures in equity.* Equity will not interfere on behalf of a party entitled to a forfeiture to enforce the same, but will leave him to his legal remedy, if any, even though the case might be one in which no equitable relief would be given to the defaulting party against the forfeiture. The functions of a court of equity are to grant relief against a forfeiture in a proper case, but never to enforce it.

4. LANDLORD AND TENANT, § 415*—*effect of attempted assignment of leasehold to nonexisting corporation.* Where an attempted assignment of a leasehold by the lessee, with consent of the lessor, to a corporation fails because of the nonexistence of the corpora-

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

tion, such assignment does not amount to a surrender of the lease-hold estate by operation of law as between the lessor and lessee, and the lessee in such case holds as a trustee for the stockholders and bondholders of the corporation for the amount paid him for the leasehold by the persons acting in the name of the corporation.

5. LANDLORD AND TENANT, § 470*—*when lessor estopped to insist on forfeiture of lease.* On bill in equity to enforce a forfeiture of a lease, alleging that there had been a surrender of the lease by operation of law resulting from an assignment of the lease by the lessee to a corporation not in existence, and that the lessee had made a conveyance without lessors' consent, subsequent acts and conduct of lessors together with prior adjudications *held* to estop the lessors to insist upon a forfeiture.

6. TRUSTS, § 4*—*when trust created for money paid.* Where a person holds an estate for which he has been fully paid by another or others, a trust results for the benefit of those who paid the money.

Appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded with directions. Opinion filed January 16, 1914. Rehearing denied January 27, 1914.

HARRY S. MECARTNEY, for appellant.

JUDAH, WILLARD, WOLF & REICHMANN, for appellee, Northern Trust Company.

JAMES HAMILTON LEWIS, for appellee, John C. Patterson.

SCOTT, BANCROFT & STEPHENS and STEWART JOHNSON, for appellees, Helen W. S. Johnson and Stewart Patterson; EDGAR A. BANCROFT, REDMOND D. STEPHENS and LESTER L. FALK, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellee, Helen W. S. Johnson, on July 29, 1910, filed her bill of complaint in the Superior Court of Cook county against the Northern Trust Company, trustee, Hannah M. Williams, Fannie V. M. Johnson,

Stewart Patterson, John C. Patterson, H. H. Kohlsaat, Albert M. Johnson, E. A. Shedd, Charles B. Shedd, Edward J. Shedd, and Illinois Trust & Savings Bank, trustee. December 8, 1910, Stewart Patterson was given leave to join Mrs. Johnson as a party complainant. On the same day, an amended bill of complaint was filed which sets up the facts stated in *Patterson v. Northern Trust Co.*, 132 Ill. App. 208, the same case on appeal in 230 Ill. 334; *Patterson v. Northern Trust Co.*, 132 Ill. App. 63, the same case on appeal in 238 Ill. 601.

The amended bill then sets up the judgment declaring that the articles of incorporation of the Merrimac Building Company and the certificate of incorporation of the Secretary of State were null and void, and the affirmance of the judgment in *People v. Shedd*, 241 Ill. 155; that after the entry of judgment of ouster in the Circuit Court of Cook county, and pending the determination of the appeal in *People v. Shedd, supra*, Edward A. Shedd, Charles E. Shedd and Edward J. Shedd continued to act as a corporation in the name of the Merrimac Building Company and continued in its name to pay to the Northern Trust Company, trustee, the various sums specified as rentals in the lease, the Northern Trust Company receipting for the same in the name of Herman H. Kohlsaat, and continued so to do until the commencement of this suit; and that Edward A. Shedd, Albert M. Johnson, Charles B. Shedd and Edward J. Shedd, or some of them, have continued to retain the possession of the premises and to collect the rents, issues and profits thereof.

The bill further sets up a conveyance and quitclaim deed by Kohlsaat and wife, dated January 30, 1905, to Edward A. Shedd and Albert M. Johnson, of the leasehold estate created by the lease to Kohlsaat, which deed was filed for record in the office of recorder of deeds for Cook county, on July 26, 1910, and that this conveyance was given without the consent of the trustee, the Northern Trust Company, and without the

knowledge or consent of the complainants; and that under the terms of the lease the making and delivery of the deed by Kohlsaat was ground for forfeiting the lease, and that it was the duty of the trustee to exercise the option contained in the lease and declare a forfeiture thereof.

It further appears from the bill that subsequent to April 2, 1897, a trust deed was executed in the name of the Merrimac Building Company to the Illinois Trust & Savings Bank, trustee, conveying the leasehold estate to secure an issue of bonds and that the bonds are still outstanding and held by various persons to complainants unknown, and that neither the trustee nor the complainants ever consented to the execution of the deed of trust, and that the instrument created no rights in the premises; and on information and belief John C. Patterson served a demand on the trustee requesting the trustee to take possession of the premises and to take appropriate proceedings to effect an accounting with the various persons claiming an interest therein, and that complainant, Helen W. S. Johnson, requested the trustee to act as in said demand requested, but the trustee has neglected and refused to take any action whatsoever to regain possession of the premises.

The bill makes the Northern Trust Company, as trustee, Hannah M. Williams, Fannie V. M. Johnson, John C. Patterson, Herman H. Kohlsaat, Albert M. Johnson, Edward A. Shedd, Charles B. Shedd, Edward J. Shedd, and the Illinois Trust & Savings Bank, as trustee, parties defendant, and prays, among other things, that the Northern Trust Company, trustee, be enjoined from collecting, receiving or receipting for any further payment of moneys as an instalment of rent under the lease, and from making or delivering any receipt for any such payment or instalment to Herman H. Kohlsaat, or to any other person or persons as lessee or lessees, for the payment of rental under the lease; and for a receiver of said Stewart Build-

ing and of its rents, income and profits, who shall take immediate possession of the building, etc., and for an accounting with the Shedds and Albert M. Johnson and others; and that the court decree that the full title and sole right to complete possession and control of the Stewart Building is in the Northern Trust Company as trustee for the benefit of the beneficiaries under the trust deed, and that the lease be delivered up and canceled.

Attached to the bill of complaint as exhibits are the lease referred to therein, the deed from Herman H. Kohlsaat and wife, dated April 2, 1897, to Merrimac Building Company, conveying the leasehold interest; also the instrument of consent by Pullman and Matthews, as trustee, to the assignment from Kohlsaat to the Merrimac Building Company, dated April 2, 1897; also the deed of trust from Hannah M. Williams and others to the Northern Trust Company, dated December 20, 1897; also the so-called forbearance of rent agreement of March 15, 1898; the rent foreclosure decree of June 25, 1902, in the Circuit Court of Cook county; the petition of Shedd and Johnson of February 21, 1905, for leave, as bondholders and stockholders of the Merrimac Building Company, to redeem under the rent foreclosure decree; and the order entered in the rent foreclosure case, giving leave to Shedd and Johnson to make redemption, etc. All of the above exhibits were before the courts in the cases above cited.

In addition to the exhibits above mentioned, appear the petition and information in *People v. Shedd, supra,* being the quo warranto proceedings by which the validity of the organization of the Merrimac Building Company was attacked, and the judgment of ouster in those proceedings. The final exhibit attached to the bill of complaint is a quitclaim deed from Kohlsaat and wife to Shedd and Johnson, dated January 10, 1905.

The answers of the defendants admit the averments

of the bill based on documentary evidence and the various proceedings above referred to, and present substantially the same contentions which were made by the respective parties in the previous litigation, with the exception, however, that the answer of Edward A. Shedd sets up the purchase by him of the bonds of the Merrimac Building Company in February, 1905, and that Shedd and Albert M. Johnson announced to the Northern Trust Company their purpose of obtaining a deed from Kohlsaat of the leasehold estate and building in 1905 in order to cover any contingency with relation to the legality of the charter of the said Merrimac Building Company, which had then been attacked as void by the defendant, John C. Patterson, and that no objection was then raised by the Trust Company to the proposed deed or transfer of the leasehold interest from Kohlsaat. Later on, the defendant Shedd, appellant, having purchased all of the interest of Johnson in the Merrimac Company, leasehold and building, Johnson and wife executed to him a quitclaim deed of said leasehold and building, of which deed the Northern Trust Company was duly apprised. The deed contained the following clause:

"And said Edward A. Shedd hereby covenants and agrees to and with all the parties to said lease and with Albert M. Johnson, that he hereby accepts and assumes all the terms, covenants and conditions in said lease, and will faithfully comply with and be bound by the same."

Shedd's answer further sets up that he was, on January 30, 1905, and has been since and was at the time of filing his answer, of full financial responsibility to accept and hold this leasehold estate under the requirements of said lease, and that he was the bona fide owner of property worth over $500,000 above all his debts and liabilities, and that that fact had been well known to the Trust Company and to the beneficiaries. The answer further sets up in detail the

bond issue of the Merrimac Building Company and the mortgage securing the same, and avers that he has been the owner and holder of each and all the bonds for more than two years and last past, and denies that the trustees or beneficiaries did not consent to the execution of said mortgage deed, and avers that, on the contrary, they each and all did so consent, and each and all knew of the execution of said trust deed at the time of its date, and avers that the trust deed created an equitable lien upon the leasehold estate which was held in trust by Kohlsaat from and after the time of his assignment thereof to the Merrimac Building Company; and that the mortgage deed securing the bonds was a first lien upon the interests of the parties claiming under the Merrimac charter. His answer further sets up that prior to February 21, 1905, Johnson and Shedd purchased the bonds of the Merrimac Building Company aggregating $294,500, and that they then purchased a large majority of the stock of said company, and subsequently the remainder of it.

After referring to the various cases above mentioned, the answer of appellant Shedd avers that the Northern Trust Company, as trustee, as well as all the other beneficiaries were parties to the litigation, and that the question of the alleged lack of power in the Merrimac Company to acquire said leasehold and building and to collect the rents from the various tenants of the building was raised and asserted by Patterson, but the courts each held and ruled that Patterson and the Northern Trust Company, and each and all the beneficiaries, on account of their acts and doings and on account of their consent to the assignment of the leasehold and of the filing of said bill to foreclose the landlord's lien and of the decree entered therein, were estopped to deny and barred from denying that the Merrimac Company had such power of acquisition, and from claiming a forfeiture of said building and leasehold; that the mistake of supposing that the charter of the Merrimac Company was legally authorized was

an innocent mistake and was mutual to all parties dealing upon the faith of the charter, and with the said purported corporation, or its officers, acting as such; and that all of such parties, including the lessors, the Northern Trust Company and the beneficiaries, actually participated in the furtherance and perpetuation of the project of using or attempting to use the charter as a legal charter and for the building up of rights and equities upon the basis thereof and according to the tenor thereof, and of holding a leasehold in the name of said corporation and using it as the actual tenant under the lease; that the quitclaim deed given from Kohlsaat to Shedd and Johnson was given and known to said Trust Company to have been given to further the transaction of redeeming from the foreclosure decree of June 25, 1902, in which the trustee and the beneficiaries participated and received the proceeds of such redemption, and that the right to object to the redemption, if any then existed, was waived by the said trustee and the beneficiaries as well, by their failure to act in that respect; that the provision against the assignment in the ground lease was further waived by the recognition of the conveyance in trust to the Illinois Trust & Savings Bank made more than fourteen years prior to the commencement of this suit, and remained unquestioned at any time by the lessors or beneficiaries.

Appellant Shedd's answer admits that Kohlsaat surrendered possession of the premises in question, but avers that it was done shortly after the execution and delivery of the first deed of assignment. He denies that the assignment was an entire nullity, and avers that even though the charter of the Merrimac Building Company was ultimately held void, Kohlsaat was paid for the leasehold estate in full by the parties acting as said Merrimac Company and under its charter; and that Kohlsaat then and there became and from that time remained the holder of the legal title of the leasehold estate in trust for the benefit of the parties acting

as the Merrimac Company and according to their interests as evidenced by the stock certificates and the charter of the Merrimac Building Company.  He denies that Kohlsaat was released from all liability to lessors under the lease by the assignment to the company, and that the transaction had the effect of a surrender of all rights or any rights to the lessors.

Shedd admits the filing of the petition in the foreclosure suit on February 21, 1905, set out in the amended bill by himself and Albert M. Johnson, and the entry of the order thereon permitting Shedd and Johnson to redeem, and avers that on the same day Shedd and Johnson paid the amount specified in the order, namely, $210,487.20, to the Northern Trust Company, trustee, and satisfied in full the foreclosure decree.  Defendant Shedd admits that the rent due under the lease has been paid, and avers that it has been promptly and fully paid ever since February 21, 1905, and by parties acting in the name of the Merrimac Building Company, and on its behalf, down to the entry of defendant Shedd upon said premises on June 4, 1910, from and after which date defendant, Edward A. Shedd, has paid such rent and has been in the sole and exclusive possession of the leasehold estate.  The answer then asserts that Shedd has the full and absolute title to the leasehold estate; and, independently of that, he has an equitable right or title to the leasehold and building.

It is not important to state the answers of the other defendants to the bill except perhaps the answer of the Northern Trust Company.  As to that, it is sufficient to say that its position is stated in its original bill for instructions filed in the Superior Court on the same day that the Helen W. S. Johnson bill was filed.  The bill of the Trust Company makes the five beneficiaries parties defendant, and also Kohlsaat, Edward A. Shedd and Charles B. Shedd.  Issues were made up under this bill and the cause was consolidated by order of court with the Johnson cause.  The Northern Trust

Company bill set up the making the lease, the execution of the trust deed to it, the participation in the transactions with the Merrimac Company by the various lessor interests, the quo warranto proceedings and the judgment of ouster. It alleges that after all these things had transpired, John C. Patterson had served the notice of July 9, 1910, demanding that the trustee take action in the premises to forfeit the leasehold estate; that the attitude of the beneficiaries in respect to said forfeiture was different; that Helen W. S. Johnson had taken the same attitude in respect thereto as had John C. Patterson. Mrs. Williams had notified the trustee that she preferred the lease to continue in force. Stewart Patterson had taken no attitude in the matter and Mrs. Fannie Johnson had taken none. The trustee therefore prayed for instructions.

The bill of the Northern Trust Company was duly answered by the defendants therein, replications were filed and an order consolidating the causes was entered and the two causes thereafter proceeded as one consolidated case.

On February 4, 1911, appellant Shedd filed a cross-bill in which, after reciting briefly the prior proceedings, he embodied therein his answer to the original bill, thus setting up in substance the facts set forth in his answer. After showing the complications that had arisen between the parties and that might ensue from the situation stated, the cross-bill prays for a decree establishing the facts in reference to the assignment of the lease and the acquiescence therein by the lessors and the estoppel of the trustee and beneficiaries to question his title, etc., and that it might be formally found and declared that he was the owner of all the stock and bonds of the Merrimac Company, and in equity, as well as at law, the holder of the leasehold estate, and for other and further relief.

The court, on hearing, entered decree declaring that the Merrimac Building Company had never had any

legal existence as a corporation, and that the bonds and stocks issued in its name were issued without any authority of law and conferred no rights upon the holders thereof in and to the premises in question; that the attempted assignment by Kohlsaat on April 2, 1897, and the deed executed by him theretofore on April 30, 1896, passed no title in and to the leasehold estate then owned by him to the Merrimac Building Company, or any persons then and thereafter acting as a corporation, and in the name of the Merrimac Building Company, and passed no title and conveyed no rights or interest in or to said leasehold estate or the building located on the above described real estate to the Merrimac Building Company or to any persons claiming to be stockholders or bondholders thereof; that on or about April 2, 1897, the leasehold estate of Kohlsaat, which had been theretofore created by said lease of May 1, 1893, was surrendered by operation of law and thereupon Kohlsaat was released from all obligations under the lease, and that since said April 2, 1897, Kohlsaat has had no right, title or interest in or to said leasehold estate or the building located upon the real estate; that upon the surrender of said leasehold estate as aforesaid the legal title to said leasehold estate merged with the legal title to the fee in the above described real estate; that the Northern Trust Company, as trustee, is the owner of the legal title to the real estate, free and clear of any leasehold estate created by the lease executed by Pullman and Matthews as lessors, and merges the leasehold estate in the fee; and that the Northern Trust Company holds its legal title subject solely to the terms and conditions of the deed of trust to it; that Edward A. Shedd, Charles B. Shedd and Edward J. Shedd have no title, right or interest in or to the premises or the building located thereon or in the leasehold estate; that the cross-bill of the complainant, Edward A. Shedd, is without equity, and it is dismissed without costs; that Edward A. Shedd, Charles B. Shedd and

Edward J. Shedd, or such of them as are now in possession of said real estate and building, are tenants at will thereof, and that it is the duty of the Northern Trust Company, as trustee, to take immediate possession of the premises and to hold, manage and operate same for the benefit of the beneficial owners of such real estate and building, and the said Shedds, or such of them as are now in possession of said real estate and building, are ordered and directed to deliver to said Northern Trust Company, as trustee, immediate possession of the above described real estate and building, together with their excluded copy of the aforesaid lease, dated May 1, 1893, and to cease occupying the said real estate and building, and to cease collecting rents from the tenants occupying the same.

A motion was made by John C. Patterson, appellee, to dismiss the appeal upon the ground that the decree appealed from is not a final decree and this court is without jurisdiction to hear and determine the cause. This motion was reserved to the hearing.

The decree denies to appellant Shedd all rights and equities in the subject-matter of the litigation and transfers the right of property and the possession thereof to the Northern Trust Company, as trustee, and orders appellant to deliver up possession of the premises to the Trust Company and also the executed copy of the lease. It finds and decrees upon the substantive rights and equities of the parties. The provisions in the decree for an accounting and reserving jurisdiction for the purpose of enforcing the decree do not affect its final character. This appeal is properly taken to this court. 2 Encyc. Pl. & Pr. 71. The motion to dismiss this appeal is denied.

The bill of complaint of Helen W. S. Johnson and Stewart Patterson is in its essence and effect a bill to declare a forfeiture of the lease. The ingenious phrasing of the prayer of the bill for an injunction against the Northern Trust Company from "collecting, receiving or receipting for any further payment of

moneys as an instalment of rent under said lease, and from making or delivering any receipt for any such payment or instalment to said Herman H. Kohlsaat, or to any other person, or persons, as lessee, or lessees, or the payer of rental under said lease," and for a receiver of the Stewart Building and of its rents and profits, etc., and that the "court decrees that the full title and sole right to complete possession and control of said Stewart Building and appurtenances is in said Northern Trust Company, as trustee, for the benefit of the beneficiaries under said trust deed, 'Exhibit D,' and that such possession and control be delivered over to said trustee by such receiver, and that said lease, 'Exhibit A,' be adjudged surrendered, and be ordered delivered up and canceled," cannot deceive or mislead a court of equity. Nor will the specious contention and argument that the leasehold estate of Kohlsaat was surrendered by operation of law in 1897, when Kohlsaat executed the first assignment, based upon the undisputed facts shown by the record, avail to persuade the court that complainants are not really seeking a forfeiture of the lease, for that is the real meaning and essence of the bill.

If the leasehold estate was surrendered by operation of law, it was terminated. If the leasehold estate was forfeited, it was terminated. The same result is sought and upon the same state of facts by both theories and methods. As said in *Patterson v. Northern Trust Co.*, 238 Ill. 601:

"The apparent object of the present bill is to obtain a holding to the effect that the lease to Kohlsaat and the assignment thereof to the Merrimac Building Company are void, and that the building erected upon the premises, by reason of the forfeiture of the lease, now forms a part of the fee, and to require the Northern Trust Company, as trustee, to account to appellant for his proportionate share of all rents which have been earned by the premises covered by said lease since the date of the notice to the lessees by the

Northern Trust Company that the lease had been forfeited. Substantially all the contentions raised by the brief of counsel for the appellant in this case were raised by the appellant in the other cases when they were here and were disposed of adversely to appellant.''

There can be no doubt that equity abhors a forfeiture and will not declare and enforce it. ''It is a well settled and familiar doctrine that a court of equity will not interfere on behalf of the party entitled thereto, and enforce a forfeiture, but will leave him to his legal remedy, if any, even though the case might be one in which no equity relief would be given to the defaulting party against the forfeiture. The few apparent exceptions to this doctrine are not real exceptions, since they all depend upon other rules and principles.'' Pomeroy, Eq. Jur., sec. 459; *Douglas v. Union Mut. Life Ins. Co.*, 127 Ill. 101, 116; *Patterson v. Northern Trust Co., supra.* The function of a court of equity is to grant relief against forfeiture in proper cases but never to enforce it.

In recognition of this elementary principle of equity, and of the decisions in the *Patterson* cases, *supra,* solicitors for appellees, Helen W. S. Johnson and Stewart Patterson, do not base their argument in this court in support of the decree upon the right of the complainants to a forfeiture of the lease, but upon the doctrine of surrender by operation of law. In other words, the contention is that ''by the performance by both lessor and lessee of acts which the law says amount to a 'surrender by operation of law,' the leasehold estate has become merged in the fee.'' To state the contentions more specifically, it is not that there was any surrender of the leasehold estate by express agreement, but that such surrender is implied from the attempted assignment which was void, the relinquishment of possession by Kohlsaat, the lessor's subsequent collection and enforcement of rental payments from the owners of the Merrimac Building Company, and failure to receive and demand any such payment

from Kohlsaat and "the lessor's acceptance of the persons acting as 'Merrimac Building Company' as tenants," and thereafter collecting all rental payments from them, constituted a surrender of the leasehold by operation of law.

In regard to the surrender theory thus put forward, it is necessary in order to reach a just conclusion to consider all the circumstances in which the parties, complainants and defendants, acted at the time of, and subsequent to, the attempted assignment of the lease.

The lease provided that the lessee might assign his interest in the premises, but not without first obtaining the written consent of the lessors so to do, "and provided also, that no assignment shall be made to any corporation not having the power and authority under the law of its organization and the laws of Illinois to accept such assignment   *   *   *."

The lease contains the further provision that if the lessee did assign such interest, "after complying with the conditions and covenants set forth in the foregoing, the lessee shall be released by the lessors from all liability under this lease arising after the proper execution and delivery of such assignment."

It is beyond question, we think, that the attempted assignment to the Merrimac Building Company did not release Kohlsaat from the lease, for that company had no existence. There was no grantee or assignee. What the parties tried to do, but did not do, was to substitute the Merrimac Building Company for Kohlsaat as lessee and owner. There was no such company, and hence the effort failed and, as between the parties to the lease, it was left standing precisely as if no assignment had been made. There was no substitution, and where there is no actual substitution there was no surrender by operation of law, and no release of Kohlsaat by the consent of the landlord to an assignment with no assignee to receive and hold it. *Barnes* v. *Northern Trust Co.*, 169 Ill. 112; *Grommes v. St. Paul Trust Co.*, 147 Ill. 634, 648. The question of substitu-

tion of tenants for the unexpired portion of a term rests upon the doctrine of novation. In 21 Am. & Eng. Encyc. of Law, 672, it is said:

"It is essential in every case of novation that the resulting obligation is an enforceable one. Although there may be present competent parties and sufficient consideration, the prior obligation is not extinguished unless the new obligation be such as may legally take its place. Thus, if it be inchoate or lacking in some necessary element, or illegal and, therefore, unenforceable, or conditional, novation either fails entirely or is suspended until the objectionable element in the contract is removed."

To the same effect are Wood's Landlord & Tenant, sec. 494; 18 Am. & Eng. Encyc. of Law, 359; and 24 Cyc. 1370, 1371, and authorities there cited. In *Coe v. Hobby*, 72 N. Y. 141, 147, the Court said:

"The farthest that our courts have gone is to hold that to effect a surrender of an existing lease by operation of law, there must be a new lease, valid in law, to pass an interest according to the contract and intention of the parties."

See also *Brewer v. National Union Building Ass'n,* 166 Ill. 221.

Thus far we have considered the question of surrender by operation of law wholly apart from and unaffected by estoppel and prior adjudication which we shall consider later. The attempted assignment of the lease by Kohlsaat with the consent of the lessor and the delivery of possession of the premises by Kohlsaat to the persons acting in the name of the Merrimac Building Company, in our opinion, did not amount to a surrender of the leasehold estate by operation of law as between the lessor and lessee. But, Kohlsaat, having been fully paid by the persons acting in the name of the Merrimac Building Company for his leasehold and building, became a trustee for the stockholders and bondholders of that company, upon the familiar and elementary principle that where a person holds an estate for which he has been fully paid by an-

other or others, a trust results for the benefit of those who paid the money. This principle as applied to a similar case is illustrated in *Walker v. Taylor*, 252 Ill. 424.

Without pausing here to discuss this principle as applied to this case (which we shall do later on), we proceed to refer to other controlling facts on the question of surrender by operation of law.

On March 15, 1892, nearly a year after the date of the deed from Kohlsaat and wife to the Merrimac Building Company, the Northern Trust Company, as trustee, and the beneficiaries of the trust, including the complainants and the Merrimac Building Company, entered into the so-called "forbearance of rent" agreement, which recited the lease in question, the erection of a new building on the premises in accordance with the intent of the lease, the assignment of the lease, defaults in the payment of rent, and that notice in writing of said defaults had been given December 29, 1897, and that this company had given notice that it would apply for the protection of a court of equity to prevent a forfeiture of the lease and to enable it to redeem the building and leasehold from said defaults on equitable terms, the desire to avoid litigation, and then stipulated and agreed that no steps should be taken by the Trust Company and the beneficiaries to enforce the forfeiture of the leasehold estate, provided the covenants and agreements of the lease be kept and performed, until July 1, 1900. The Merrimac Company agreed to deliver possession forthwith to the Northern Trust Company. The remaining provisions of the agreement it is not necessary here to state.

The further facts of the foreclosure decree of June 25, 1902, in the Circuit Court of Cook county; the redemption by Shedd and Johnson, who paid $210,427.20, the amount due under the decree, on February 21, 1905; the review of the order permitting them to redeem in *Patterson v. Northern Trust Co.*, 132 Ill. 208,

and affirmed in 230 Ill. 334; the adjudications in *Patterson v. Northern Trust Co.,* 139 Ill. App. 681, and *Patterson v. Northern Trust Co.,* 231 Ill. 22, and *Same v. Same* in 238 Ill. 601,—are all important as facts and adjudications to be taken into consideration upon the rights of appellee to the relief sought in their bill. They show that the complainants and their trustees, The Northern Trust Company, with their consent and approval, recognized the Merrimac Building Company and those acting in that name as the assignee of the lease which they alleged and treated as still in existence after the alleged surrender by operation of law, and collected and received the rents as such reserved received the rents as such reserved in the lease. These in the lease. These facts, in connection with the uncontroverted facts that the parties acting in the corporate name took possession of the premises and paid the rent reserved under the lease and performed all the covenants of the lease for thirteen years, and after the continued recognition and express assertion of the lease and its enforcement by legal proceedings by appellees and their trustee, Kohlsaat, holding the naked legal title of the leasehold estate for the benefit of Shedd and Johnson who had become owners of the interests of every person in the leasehold estate, conveyed the title to appellants Shedd and Johnson,—leave no basis in law or equity for contention that there was a surrender by operation of law, or a forfeiture thereof in any other form, or by any other method. The bill of Helen W. S. Johnson and Stewart Patterson is without equity and should have been dismissed by the chancellor on the hearing.

We come now to a consideration of the equities of appellant Shedd, if any, under his cross-bill. It appears without controversy that appellant Shedd has acquired all the rights of the stockholders and bondholders of the illegal corporation known as the Merrimac Building Company. The stock certificates and

bonds issued by that organization are valueless as evidencing the ownership of stock and bonds by the holders thereof.   These papers, nevertheless, show who contributed the money to erect the building now standing upon the leased premises and other moneys expended for the benefit of the leasehold estate and the payments of rents in accordance with the covenants of the lease, and the equities of these stockholders and bondholders, now vested in Shedd.   As said in *Walker v. Taylor,* 252 Ill. 424:  ''Those who subscribed and paid for stock issued by the illegal association and with whose money the land was purchased did acquire an equitable interest in the property.   Their interests are entitled to be protected by court of equity as against the creditors of Gould, who never had any interest in the land except to the extent of the stock he subscribed and paid for.''

An interesting and well considered case on the subject of equities arising out of an illegal corporation attempted to be organized to engage in the business of buying and selling real estate, and affirming the right of stockholders to enforce a trust with reference to real estate held for the benefit of the stockholders in such a corporation, is *Fisk v. Patton,* 7 Utah 399.

The leasehold was legally created in Kohlsaat.   He sold and was paid for that estate and attempted to assign it, but the assignment failed for reasons already given.  The estate was thereafter held by him in trust for the parties who had purchased it and paid for it. In equity he could have been compelled to execute a conveyance of the leasehold to appellants Shedd and Johnson, the then holders of the equitable rights, on January 30, 1905, when he voluntarily conveyed it to them.   The lessor owners of the fee had then recognized the Merrimac Building Company by consenting to the assignment of the lease, by entering into the so-called ''forbearance of rent'' agreement, and by filing their bill in the rent foreclosure case, and pressing the

case to a decree entered June 25, 1902, and by receiving rent under the lease and giving receipts therefor to Kohlsaat. These acts and proceedings operated as a waiver of all right of forfeiture and of the right to object to the conveyance to Shedd and Johnson as an assignment without the lessor's consent as provided in the lease. *Webster v. Nichols,* 104 Ill. 160; 18 Am. & Eng. Encyc. Law (2d Ed.) 385-386.

Upon the facts shown in the record and the acts of the parties and in view of the legal proceedings instituted by the equitable owners of the fee, and to which they were parties, and upon the several adjudications referred to above, we hold that the defendants in the cross-bill are estopped from denying that the Kohlsaat assignment carried the leasehold estate to the Merrimac Building Company for the benefit of the persons acting in that name and that Shedd, complainant in the cross-bill, is the equitable owner of the leasehold estate. We further hold that Shedd is the equitable owner of the leasehold estate under the doctrine expressed in *Walker v. Taylor, supra; Fisk v. Patton, supra,* and other cases and authorities cited; and that by the deeds from Kohlsaat to Shedd and Johnson and by Johnson to Shedd, the title to the leasehold estate was vested in Shedd. And in view of the questions presented to the courts in the several cases instituted and litigated by the original complainants and John C. Patterson, Shedd is entitled to have his title to the leasehold estate quieted by a decree on his cross-bill.

In view also of the continued litigation with reference to this lease and the disagreement of the beneficial owners of the fee as to the proper position, duty and action of the Northern Trust Company, as trustee, with reference to the lease and the estate thereby created, the Trust Company is entitled to a decree giving to it instructions and directions.

The decree is reversed and the cause is remanded

with directions to the trial court to enter a decree dismissing the bill of Helen W. S. Johnson and Stewart Patterson for want of equity; and to enter a decree on the cross-bill of Shedd and the bill of the Northern Trust Company not inconsistent with the views herein expressed.

*Reversed and remanded with directions.*